402 A.2d 1003

**COMMONWEALTH of Pennsylvania**

v.

**Robert POLSKY, Appellant.**

Supreme Court of Pennsylvania.

Argued April 17, 1979.

Decided July 5, 1979.

Order vacated and record remanded.

Charles Lowenthal, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Jane Cutler Greenspan, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

A jury found appellant Robert Polsky guilty of murder of the third degree and possession of an instrument of crime. The Court of Common Pleas of Philadelphia denied appellant's written post-verdict motions and sentenced appellant. On these appeals, appellant renews his claim under Pa.R.

Crim.Proc. 1100(a)(2) that charges against him should have been dismissed with prejudice. Factual issues necessary to resolution of appellant's claim have not been resolved. We therefore remand the proceedings for a new hearing.[1]

On August 7, 1975, a complaint charging appellant with criminal homicide and several weapons offenses was filed and an arrest warrant issued. Later the same day federal agents located appellant in North Carolina and arrested him on charges of violating interstate fugitive laws. Federal charges were nol prossed, but appellant remained in custody in North Carolina. The record does not establish when Philadelphia police learned of appellant's location, what effort was made to secure appellant's return to Pennsylvania, or if and when appellant opposed his return. It establishes only that on October 13, sixty-seven days after the complaint was filed, appellant signed a form stating he waived extradition, on October 16 Philadelphia police went to North Carolina and arrested him, and on October 17 Philadelphia police returned appellant to Philadelphia for preliminary arraignment.

Appellant was not brought to trial until April 9, 1976, 246 days after the complaint was filed. At no time has the Commonwealth sought an extension of time pursuant to Rule 1100(c). On April 1, 1976, appellant moved under Rule 1100(a)(2) to dismiss all charges with prejudice. Rule 1100(a)(2) directs that "[t]rial in a court case in which a written complaint is filed against the defendant after June

---

1. Appellant also seeks discharge on the ground that irregularities occurred in his extradition. We cannot conclude that irregularities in extradition afford a basis for discharge following trial in the demanding state. Cf. *Commonwealth v. Krall*, 452 Pa. 215, 304 A.2d 488 (1973) (allegedly illegal arrest not a basis for vacating conviction). Appellant also contends he should be discharged because the evidence was insufficient to support the verdicts. This contention, too, is without merit.

Appellant seeks a new trial on the grounds that (1) the trial court erred in admitting into evidence the purported murder weapon, (2) the prosecuting attorney made prejudicial remarks at both opening and closing arguments, and (3) the preliminary hearing and trial courts erred in ruling on several other evidentiary matters. In view of our disposition, we need not now address these claims.

30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." Appellant claimed the mandatory 180 day period under Rule 1100(a)(2) began to run on August 7, 1975, the date the complaint was filed, and expired February 3, 1976. In the view of the Commonwealth, the mandatory period began October 17, 1975, the date of appellant's preliminary arraignment in Philadelphia, and did not expire until April 13, 1976. Alternatively, the Commonwealth claimed appellant opposed extradition from August 7 to October 13, 1975, a period of sixty-seven days, and was "unavailable" within the meaning of Rule 1100(d)(1) during this period.[2]

The hearing court agreed with the Commonwealth's first contention that, as a matter of law, the mandatory 180 period did not commence until appellant's preliminary arraignment on October 17. The court did not address the Commonwealth's alternative contention that appellant was "unavailable" under Rule 1100(d)(1). The case went to trial, the jury returned its verdicts, and these appeals followed.[3]

The Commonwealth cannot, and indeed does not, dispute that the court of common pleas erred in holding that the mandatory 180 day period began only upon appellant's return to Pennsylvania and his preliminary arraignment. "[I]n the situation where a complaint is presented to a court and a warrant issued, the criminal proceedings begin with the presentation of the complaint to the court, and thus, for purposes of Rule 1100, the complaint is deemed filed and the mandatory period commences running with the presentation." *Commonwealth v. Mitchell,* 472 Pa. 553, 559, 372 A.2d 826, 829 (1977) (footnote omitted). Instead, the Common-

---

**2.** Under Rule 1100(d)(1), "there shall be excluded . . . such period of delay at any stage of the proceedings as results from . . the unavailability of the defendant or his attorney."

**3.** Appellant took a direct appeal to this Court from the judgment of sentence on the murder conviction. See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1978). He appealed judgment of sentence on the conviction for possession of an instrument of crime to the Superior Court and that court transferred the appeal here. See id., § 503(c), 17 P.S. § 211.503(c).

wealth relies upon its alternative claim raised but not adjudicated in the hearing court that appellant was "unavailable" under Rule 1100(d)(1) for the sixty-seven days between August 7, 1975 and October 13, 1975. The Commonwealth now submits that this period of sixty-seven days should be excluded from the 246 days between complaint and trial.

The Commonwealth's claim that appellant was "unavailable" cannot be resolved on the present record. The Comment to Rule 1100 provides that "the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence." In *Commonwealth v. Mitchell,* supra, this Court relied upon the Comment to conclude that the Commonwealth is not entitled to the "unavailability" exclusion unless it establishes by a preponderance of the evidence that police acted with due diligence in executing an arrest warrant. 472 Pa. at 562, 372 A.2d at 830. See also *Commonwealth v. Kovacs,* 250 Pa.Super. 66, 378 A.2d 455 (1977) (refusing to exclude period of delay during which Commonwealth had knowledge of defendant's incarceration in another jurisdiction but failed to obtain custody). On the other hand, the Comment further provides that the defendant should be deemed "unavailable" for any period "during which he contested extradition, or a responding jurisdiction delayed or refused to grant extradition." Here, because of its ruling on the date the mandatory 180 day period commenced, the hearing court did not resolve whether police exercised "due diligence" to execute the arrest warrant and secure appellant's return, or if and when appellant opposed extradition.[4]

In these circumstances, the order denying appellant's motion to dismiss under Rule 1100 must be vacated. The record is remanded to the Court of Common Pleas of Philadelphia for a hearing and adjudication in accordance with this opinion. Should the hearing court conclude that the

4. The record reveals that the Commonwealth, to establish appellant's "unavailability," was prepared to present testimony and, over appellant's objection, correspondence with North Carolina officials. The hearing court did not rule on this evidence.

Commonwealth failed to comply with Rule 1100, it shall grant appropriate relief. If the court concludes the Commonwealth complied with Rule 1100, it shall reinstate its order. Following the court's adjudication, proper appeals may be taken from that adjudication as well as adjudications not here decided or otherwise waived.

Record remanded for proceedings consistent with this opinion.

MANDERINO, J., did not participate in the consideration or decision of this case.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent; this defendant was unavailable for the sixty-seven day period. Thus, I would affirm the judgment of sentence.