419 A.2d 703

**COMMONWEALTH of Pennsylvania,**

v.

**Leon F. REYNOLDS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed April 18, 1980.

Reargument Denied June 23, 1980.

Elias B. Landau, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Chief Appeals, Philadelphia, for Commonwealth, appellee.

Before WIEAND, ROBINSON and LOUIK, JJ.*

LOUIK, Judge:

The Appellant in this case was arrested on or about October 25, 1977, and on June 28, 1978 he was found guilty of the following offenses: Robbery, Possessing Instrument of Crime Generally, Criminal Conspiracy, Simple Assault, and Carrying Firearm on Public Streets or Public Property. Appellant was sentenced to three years probation on the robbery and criminal conspiracy charges, the said probations to run concurrently, and sentence was suspended on the other charges. Appellant has raised the following issues on appeal: (1) improper denial of motion to suppress; (2) violation of Rule 1100; (3) failure of trial judge to grant greater latitude in cross examination of complainant and (4) sufficiency of the evidence. A review of the record indicates failure to comply with the requirements of Rule 1100. Therefore, in light of our holding that there was a violation of Rule 1100, it becomes unnecessary to rule on the other issues raised. The relevant portion of Rule 1100 of the Rules of Criminal Procedure provides as follows:

"(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Common-

---

* Judge DONALD E. WIEAND is sitting by special designation. President Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation. This decision was reached following the death of ROBINSON, J.

wealth may apply to the court for an order extending the time for commencement at trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

The lower court in its Opinion sets forth the facts with respect to Rule 1100 as follows:

"The original expiration date for Rule 1100 was April 25, 1978. Prior to that time, there had been two defense continuances and in fact, the defendant waived his rights under Rule 1100 from April 19, 1978 until May 31, 1978. The Commonwealth filed a timely petition which was heard by Judge Blake on June 16, 1978. Judge Blake extended the run date to June 30, 1978. Trial commenced on June 29, 1978. There was, in the Court's opinion, compliance with the requirements of Rule 1100."

In *Commonwealth v. Mayfield*, 364 A.2d 1345, 469 Pa. 214, the Supreme Court held:

"Henceforth, the trial court may grant an extension under Rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided."

■ The Commonwealth has the burden of establishing due diligence and the record must show that the Commonwealth has met its burden. *Commonwealth v. Smith*, 383 A.2d 1280, 447 Pa. 424. In the instant case, the entire transcript of the hearing on the Commonwealth's Petition under Rule 1100 is as follows:

"THE COURT CRIER: Your Honor, we did number eleven. Counsel just refreshed my memory. Counsel did call

me this morning and told me he would be late. It slipped my mind.

MR. LANDAU: The defense filed an answer to the Commonwealth's petition and an application to dismiss, Your Honor.

More than 180 days have transpired, Your Honor, together with the fact that the Commonwealth, as far as the defense is concerned, has failed to act with due diligence.

The complaining witness has on occasion failed to appear. There's been a bench warrant issued at one point, Your Honor. In fact, there was a bench warrant issued twice, once at the preliminary hearing level and once at the Common Pleas level for the complainant, Your Honor, and at the last listing it was a Commonwealth continuance as well.

Frankly, Your Honor, considering the record in toto, it's the defense's feeling and our contention that due diligence has not been shown by the Commonwealth in this case. THE COURT: You've had your argument. I'm making a finding of due diligence and extending to June 30th."

Even though the burden is on the Commonwealth to show due diligence, it appears that in the instant case, the Commonwealth produced not one word of testimony, nor did the District Attorney utter a single word at the so–called hearing. This can in no sense be called a "hearing" as required for the purpose of securing an extension of the 180 day rule. There is no evidence upon which the court could make a ruling granting an extension.

This is somewhat similar to what appears in the case of *Commonwealth v. Barrall*, 390 A.2d 203, 256 Pa.Super. 478, where the court pointed out that the only information about the hearing on the question of due diligence appeared in the lower court's Opinion in these words:

"Unfortunately, at the time of the hearing no testimony as such was taken and the court disposed of the matter upon the petition, answer, and the brief dialogue before the court."

The court there held that on the record the Commonwealth had not met its burden of proof. In *Barrall,* the court remanded the matter for an evidentiary hearing to be transcribed to determine whether the Commonwealth proved "due diligence" at the prior "hearing". In the instant case, there is no need to remand for the transcript of the hearing on the Commonwealth's petition to extend fails to show compliance with Rule 1100.

Therefore, the judgment of sentence should be reversed and appellant discharged.