426 A.2d 610

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert POLSKY.**

Supreme Court of Pennsylvania.

Argued Jan. 27, 1981.

Decided March 13, 1981.

404

Steven H. Goldblatt, Deputy Dist. Atty., Eric B. Henson, Kenneth Gallant, Asst. Dist. Attys., Philadelphia, for appellant.

William P. James, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In the Court of Common Pleas of Philadelphia, the defendant, Robert Polsky, was convicted of murder of the third degree and possession of an instrument of crime. On direct appeal to this Court, a violation of the speedy trial requirement of Pa.R.Crim.P. 1100(a)(2) was asserted, whereupon the case was remanded for a hearing to develop a factual record sufficient to determine the Rule 1100 claim. *Commonwealth v. Polsky,* 485 Pa. 360, 402 A.2d 1003 (1979). The instant appeal follows the grant, on remand, of a motion for arrest of judgment and dismissal of charges based upon a failure of the Commonwealth to comply with Rule 1100(a)(2).

The following facts were found, on remand, by the court below. Defendant departed from the Commonwealth on August 6, 1975, the date of the homicide. On August 7, 1975, a complaint charging defendant with criminal homicide and certain weapons offenses was filed and an arrest war-

rant was issued. Later the same day, federal agents located defendant in North Carolina and arrested him on charges of violating interstate fugitive laws. Pennsylvania law enforcement authorities were immediately informed of the arrest and were advised that an extradition hearing was scheduled for August 14, 1975. In reliance upon the expected extradition hearing, the Commonwealth, on August 13, 1975, sent officers to North Carolina to attend the proceeding. On August 14, 1975, however, these officers discovered that the hearing was not in fact an extradition hearing but was instead a jurisdictional hearing between federal and state authorities. Therefore, that same day, the officers visited defendant in jail and advised him of their interest in returning him to Philadelphia, whereupon the defendant replied that he was unwilling to go to Philadelphia and that he would await consultation with his attorney. Based on this conversation, the officers concluded that the defendant would not waive extradition proceedings. Although federal charges were nol prossed, defendant remained in custody in North Carolina because of the Pennsylvania charges. On August 29, 1975, the Philadelphia Police Department requested the District Attorney's office to commence extradition proceedings, and, on September 3, 1975, the extradition unit of the District Attorney's office was requested to obtain a Governor's warrant initiating the proceedings. On September 8, 1975, the extradition unit requested the indictment division to process the necessary paperwork, and on September 23, 1975 a letter was sent to the Deputy Secretary of the Commonwealth requesting that the Governor approve the requisition application as soon as possible. On October 13, 1975, sixty-seven days after the complaint was filed, defendant signed an extradition waiver. Consequently, Philadelphia police went to North Carolina on October 15, 1975, arrested the defendant, and on October 16, 1975 returned to Philadelphia for a preliminary arraignment. Trial commenced on April 9, 1976, 246 days after the complaint was filed.

■ The Pennsylvania prompt trial requirement is set forth in Pa.R.Crim.P. 1100(a)(2), which provides: "Trial in a court case in which a written complaint is filed . . . shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." Hence, the 180 day period within which defendant's trial was required to commence started to run on the date the complaint was filed, August 7, 1975, and would normally have expired on February 3, 1976. See *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). At no time did the Commonwealth seek an extension of time pursuant to Pa.R.Crim.P. 1100(c). However, Pa.R.Crim.P. 1100(d) provides: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant . . ." This Court has held that "[Rule 1100(d)(1)] requires a showing of due diligence in order for the Commonwealth to avail itself of an exclusion." *Commonwealth v. Mitchell*, 472 Pa. at 561, 372 A.2d at 830. Hence, it must be established by a preponderance of the evidence that police acted with due diligence in executing an arrest warrant. *Id. Commonwealth v. Polsky, supra.* Furthermore, the Comment to Rule 1100 provides that "the defendant should be deemed unavailable for any period of time . . . during which he contested extradition. . . ." It was for the purpose of ascertaining whether police used "due diligence" to execute the arrest warrant to secure defendant's return to Pennsylvania, and to determine if and when extradition was opposed, that this Court initially ordered a remand, with allowance to pursue other issues on a later appeal.[1]

The court below held that the Commonwealth failed to exercise due diligence in returning defendant to Philadelphia. It further held that defendant cannot be assumed to

---

1. On the instant appeal, defendant has also raised assertions of ineffectiveness of trial counsel involving failure to object to alleged deficiencies in the manner the court (1) instructed the jury on elements of murder of the third degree, (2) informed the jury of permissible verdicts, and (3) conducted voir dire. After a review of these claims, we find them to be devoid of merit.

have contested extradition, following the August 14, 1975 refusal to return to Pennsylvania, on every day until the formal waiver was executed.

The Commonwealth contends that defendant was "unavailable" for purposes of Rule 1100(d)(1) from the date the complaint was filed, August 7, 1975, until the October 13, 1975 waiver of extradition proceedings, a period of sixty-seven days.

■■■ Hence, the Commonwealth's position is that trial began on April 9, 1976, exactly 179 days after the extradition waiver occurred. We agree. The record of the Rule 1100 hearing reveals that the Commonwealth pursued, in an adequately timely manner, a reasonable procession of efforts to execute the arrest warrant. The "due diligence" required of police does not demand perfect vigilance and punctilious care, but rather a reasonable effort. See *Commonwealth v. Mitchell, supra.* Evaluated by this standard, the efforts expended did not fall below the minimal standard of conduct ensured by Rule 1100. Defendant voluntarily absented himself from Pennsylvania on August 6, 1975 and efforts immediately commenced to secure his return. Those efforts, following defendant's August 14, 1975 refusal to return to Philadelphia, took the form of preparations for extradition.

In view of these facts, we need not decide whether the inference is warranted that defendant continued to "contest extradition", within the meaning of the Comment of Rule 1100(d)(1), *supra,* on every day until a formal waiver occurred on October 13, 1975. The Comment to Rule 1100(d)(1) states that the causes of "unavailability" discussed therein, including "contesting extradition", are "in addition to any other circumstances precluding the availability of the defendant . . ." The facts of the instant case demonstrate that defendant was "unavailable" despite the Commonwealth's exercise of due diligence: nothing further is required to invoke the time exclusion prescribed by Rule 1100(d)(1). Common sense, the public interest, and justice demand that a defendant not be permitted the windfall of an absolute dismissal under Rule 1100 when he voluntarily

absents himself from this jurisdiction, refuses to return, and due diligence by law enforcement authorities fails to secure his return.

■ Under Rule 1100(d), there is to be excluded in computing the period for commencement of trial only the period of delay that resulted from the defendant's unavailability. *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979). Applying this rule, the court below concluded that even if defendant were unavailable until October 13, 1975, such unavailability did not cause a requisite delay in the proceedings since trial was not listed to begin prior to defendant's return to Philadelphia. Such reasoning would require the listing of criminal cases in which personal jurisdiction over the accused has not yet been obtained and, therefore, would burden courts with the wasteful and perfunctory obligation of listing cases in which the necessity of a continuance is virtually assured ab initio. The lower court further suggested that the Commonwealth had failed to demonstrate that it could not have brought the defendant to trial in the portion of the 180 day period which that court regarded as remaining after defendant returned to Philadelphia. However, consideration of the Commonwealth's efforts in the period after defendant became "available" is not relevant to determining the period of delay to be excluded as attributable to defendant's initial "unavailability". As this Court stated in *Commonwealth v. Millhouse*, 470 Pa. 512, 518, 368 A.2d 1273, 1276 (1977), "if the unavailability of the defendant causes a delay at an initial stage, the period of delay is excluded from the period set by Rule 1100, regardless of what happens later." Hence, defendant's presence in North Carolina shall be treated as having frustrated litigation, and delayed proceedings, for the entire period of defendant's "unavailability" in that jurisdiction. Therefore, trial commenced, in compliance with Rule 1100, when defendant had been "available" for exactly 179 days.

Order reversed; Judgment of sentence reinstated.