464 A.2d 450

**COMMONWEALTH of Pennsylvania**

v.

**Raymond SELIG, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 22, 1982.

Filed Aug. 5, 1983.

---

4. We note that Fudula did not address the issue of the Bank's directed verdict in its brief filed on appeal.

534

William R. Bernhart, Reading, for appellant.

Charles M. Guthrie, Jr., First Assistant District Attorney, Reading, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

McEWEN, Judge:

This appeal is taken from the judgment of sentence imposed after appellant was found guilty by a jury of burglary and theft and sentenced to a term of imprisonment of from one and one-half years to four years. Appellant argues that "the lower court erred in granting the Common-

wealth's petition to extend the time for trial ... under Rule 1100." We affirm.

The record reflects the following chronology:

January 9, 1979—The complaint is filed against the defendant. Therefore, the 180 day period expires Sunday, July 8, so that the rundate is Monday, July 9, 1979.

April—May, 1979—The Commonwealth alleges the case was scheduled for trial during the criminal jury trial weeks of these months and further alleges the case was not reached by reason of judicial delay.

June 4, 1979—The three week June criminal term commences and the trial of appellant is scheduled during the first week but is delayed until the second week, namely, June 11, since appellant was injured in a motorcycle accident.

June 11, 1979 through June 20, 1979—Counsel for appellant is engaged in the trial of other criminal cases so that his availability for trial of this case is restricted to the final two days of the June criminal term, namely, Thursday and Friday, June 21 and 22.

June 21, 1979 and June 22, 1969—The assistant administrator for the Berks County Court testified at the August 16, 1979, extension hearing that the trial could not have commenced on these dates since all of the judges were otherwise engaged in court business. As a result, the case was scheduled for the first day of the July term, namely, July 9, 1979, the actual rundate itself.

July 9, 1979—Counsel for appellant is on vacation and thereby unavailable until July 13, 1979. The Commonwealth files a petition for extension under Rule 1100 [1]

---

1. Rule 1100(c), then in effect, provided:
 (c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the date for commencement of trial.... Such application shall be granted only if the trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

upon which the court enters a Rule returnable on July 16, 1979, and schedules a hearing for August 16, 1979.

July 16, 1979—The second week of the July criminal term commences but appellant himself is unavailable by reason of certain injuries, the treatment of which may require his admission to the hospital.

August 16, 1979—The court, after hearing, grants the petition of the Commonwealth for an extension under Rule 1100 and denies the motion of appellant for discharge pursuant to Rule 1100. The court directs that the case be tried during the two week September criminal term which expires on September 21, 1979.

September 10, 1979—The trial of appellant commences on the first day of September criminal term and is concluded by a jury verdict of guilty on September 11.

Appellant contends that the hearing judge erred by granting an extension of time for the commencement of trial for the reason that the extension hearing record not only fails to demonstrate due diligence by the Commonwealth, but also fails to reflect that either judicial delay or unavailability was the cause of the delay in bringing the case to trial. It is well settled that before a court may grant the Commonwealth an extension of time for the commencement of trial, it must find that the trial cannot be commenced within the prescribed time despite due diligence by the Commonwealth. *Commonwealth v. Bright*, 303 Pa.Super. 98, 449 A.2d 596 (1982); *Commonwealth v. Sharp*, 287 Pa.Super. 314, 430 A.2d 302 (1981). Our eminent Pennsylvania Supreme Court Chief Justice Samuel J. Roberts, made clear in *Commonwealth v. Mayfield, supra,* that judicial delay can serve as a basis for an extension of time within which to commence trial provided that the record shows:

This provision had been, of course, the subject of scrutiny and interpretation by the Pennsylvania Supreme Court in *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), as we shall hereinafter discuss. The interpretation provided by the Supreme Court in *Mayfield* was eventually enacted into a formal provision of the Rule by the amendment of October 22, 1981, effective January 1, 1982.

(1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

*Id.*, 469 Pa. at 222, 364 A.2d at 1349–50.

The opinion of the learned President Judge W. Richard Eshelman reflects a thorough scrutiny of the petition by the Commonwealth for an extension and the answer of appellant as well as a careful study of the transcript of the extension hearing and the records of the office of the court administrator concerning the criminal trial schedule for April and May. While it is true that no evidence was presented concerning the criminal trial schedule for April and May, the court specifically mentioned that it took "judicial notice of the fact that the instant action was listed for trial for the week of April 16 and for both the trial weeks of May." The technique of judicial notice is a permissible method of reaching a conclusion and the use of that method in Rule 1100 hearings has received the clear approval of this court. *Commonwealth v. Harris*, 315 Pa.Super. 544, 462 A.2d 725 (1983); *Commonwealth v. Bright, supra; Commonwealth v. Postell*, 280 Pa.Super. 550, 421 A.2d 1069 (1980); *Commonwealth v. Jackson*, 269 Pa.Super. 249, 409 A.2d 873 (1979); *Commonwealth v. Gibson*, 248 Pa.Super. 348, 375 A.2d 132 (1977); *Commonwealth v. Kollock*, 246 Pa.Super. 16, 369 A.2d 787 (1977). Our examination of the record reveals a more than sufficient basis for the conclusions of the court (1) that the Commonwealth had exercised due diligence throughout the entire 180 day period, including the period during April and May, (2) that it was the unavailability of appellant and his counsel that caused the delays in June through June 20, inclusive, (3) that unavoidable judicial delay prevented a trial on June 21 and 22, (4) that the matter was not tried in July due to the unavailability of appellant and his counsel,

and (5) the matter could not be tried in August for the reason that there was only one day remaining in the criminal term subsequent to August 16, the date upon which the court conducted the extension hearing.

The appellant asserts that the case must, nonetheless, be dismissed for the reason that the record fails to disclose a finding by the court that the trial did not commence in April or May due to unavoidable court delay and that, in fact, the record fails to disclose the presentation by the Commonwealth of any such evidence of that fact. The basis of the assertion of appellant must, however, be examined in light of the pronouncement of the Pennsylvania Supreme Court that Rule 1100 is designed to serve the protection of society every bit as much as it is to serve the right of an accused to a speedy trial. The Supreme Court declared in *Commonwealth v. Genovese*, 493 Pa. 65, 69–72, 425 A.2d 367, 369–71 (1981):

> Rule 1100 'serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society,' *Commonwealth v. Brocklehurst*, 491 Pa. 151, 153–54, 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson*, 487 Pa. 197 n. 4, 409 A.2d 308 n. 4 (1980).

> \*　　\*　　\*　　\*　　\*　　\*

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical

judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

The Court further stated in *Commonwealth v. Polsky*, 493 Pa. 402, 407–08, 426 A.2d 610, 613 (1981), that when the accused himself is responsible for the delay in the commencement of the trial, common sense, the public interest, and justice demand that he not be permitted the windfall of an absolute dismissal under Rule 1100.

It is true that the record here fails to disclose that the trial did not commence in April or May due to unavoidable court delay. While the court took judicial notice of the fact that the case had been listed for trial in April and May and thereby concluded the Commonwealth had been duly diligent during that period, the court failed to express the conclusion that the case could not be tried during those weeks by reason of unavoidable court delay. Appellant argues the case must, therefore, be dismissed. We are unwilling, under the facts of this case, to award appellant the windfall of an absolute dismissal under Rule 1100 and see the ends of justice—or for that matter, the purposes of Rule 1100—so facilely thwarted when it was appellant and his counsel who were chiefly responsible for the failure of the trial to commence during the final two terms of the criminal calendar preceding the rundate.

 Appellant relies, of course, upon the *Mayfield* mandate that provides:

[I]f the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

The requirement that the record reflect the "causes of the court delay and the reasons why the delay cannot be avoided" appears to become applicable only "if the delay is due to the court's inability to try the defendant within the prescribed period." We note that the *Mayfield* mandate does not impose the requirement that the record reflect that

each postponement must be demonstrated to have been unavoidable; nor is it reasonable to define the term *the delay* as the final or the specific postponement that caused the case to have finally become *delayed.* Rather, the term *the delay* refers to a state of events or a condition, namely, a case that is (1) untried (2) within the prescribed period. It seems to follow, therefore, that *the delay* means *the 180 day delay.* It might be argued that the *Mayfield* mandate should, therefore, be interpreted to require that the record show that the court delay was unavoidable only in those cases where the entire 180 day delay is due solely to "the court's inability to try the defendant". The factual situation of *Mayfield* was just such a situation. The prosecutor in *Mayfield* had certified the case was ready for trial 83 days after the complaint was filed, but the court administrator was unable, by reason of the backlog of cases, to schedule the trial until 190 days after the complaint was filed. Thus, *the delay* of the *Mayfield* holding referred not to postponements but to a condition that resulted solely from a court backlog.

An interpretation that the Commonwealth need prove that the court delay was unavoidable only when "the court unavailability" was the *sole* reason for the fact that the case is untried at the expiration of the prescribed period, is troublesome. Would it then be possible for the Commonwealth to subvert the Rule by securing an extension whenever even a single, brief postponement were secured during the prescribed period by the accused? Or by the Commonwealth? It seems wiser to refrain from an interpretation that would limit application of this requirement to a case where court delay has been the *sole* reason that the case is untried; and, it would seem considerably more prudent to interpret the requirement as calling for the record to reflect the unavoidability of any part of *the delay* for which the court is responsible, whenever such postponements were the *principal* reason for the fact that the case is untried within the prescribed time. Such an interpretation would: (1) maintain the present need for the district attorney to

assemble and present such evidence as is available to support the allegation that such court postponements as have occurred were unavoidable; (2) prevent a single defense postponement from serving to totally relieve the prosecution of the present need to prove the unavoidability of court postponements; (3) preclude a claim by an accused that the prosecution had contrived to secure a single, brief postponement so that court delay would not be the sole reason for the fact that the case was untried within the prescribed time; and (4) enable the hearing judge to determine whether any postponement was actually due to factors other than court delays and, if so, to evaluate such situations as here confront us so as to determine whether unavoidable court delay was the principal factor in *the delay*. For example, the facts of this case make clear that the court backlog was not the principal factor for the fact that this case was untried within the prescribed time; however, if the postponements through April and May had occurred at the behest of the accused, while the postponements during the final two terms had been due to court backlog, there is a real question as to whether court delay was the *principal* reason for *the delay*.

This court has already held that defense requested continuances may justify an extension under Rule 1100(c). *See Commonwealth v. Brant*, 272 Pa.Super. 135, 414 A.2d 707 (1979); *Commonwealth v. Garnett*, 258 Pa.Super. 115, 392 A.2d 711 (1978); *Commonwealth v. Mancuso*, 247 Pa.Super. 245, 372 A.2d 444 (1977). While that principle was established when this court had under scrutiny the issue of whether the Commonwealth had displayed due diligence, there is no reason why defense requested continuances should effect a different result in situations where judicial delay has been but one factor in *the delay*.

We have seen the Pennsylvania Supreme Court review the term "due diligence" as it appears in paragraph (d)(1) of Rule 1100 [2] and suggest that the requirement of "due

2. **Rule 1100. Prompt Trial**

 (d) In determining the period for commencement of trial, there shall be excluded therefrom:

diligence" be interpreted as calling for a reasonable effort by the police to locate an accused. *See Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977). This court has reviewed that same section and declared:

> [W]hen reasonable steps are taken, the requirement of due diligence is met.... The standard of due diligence demands only reasonable efforts. *Commonwealth v. Hinton,* 269 Pa.Super. 43, 50, 409 A.2d 54, 57 (1977). Thus, when asked to decide whether the police had acted with due diligence, a court must engage in a balancing process, which may become quite awkward. On the one hand the court should approach its decision with sympathy for the police. For as the Supreme Court has said in *Commonwealth v. Mitchell, supra,* 472 Pa. at 561, 372 A.2d at 830: "The police can be expected to act with due diligence in locating and apprehending an accused in all situations because it is their duty to do so as public officials." The court should therefore take into account the limited resources available to the police, and should be wary of saying that the police should have done something that they did not do. On the other hand, the police, like other public officials, do not always do their duty. Furthermore, the interest of an accused in receiving a prompt trial is a precious interest, which it is the court's responsibility to protect. *Commonwealth v. Dorsey,* 294 Pa.Super. 584, 589–90, 440 A.2d 619, 622 (1982).

A determination of whether court postponements were the principal reason for *the delay* would likewise enable a hearing judge to use common sense and apply a blend of fairness and reason whenever (1) a case is untried within the prescribed period, (2) *the delay* results not only from court postponements but also from other causes and (3) the record does not reflect that each of the court postpone-

(1) the period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence.

ments was due to unavoidable judicial delay. It is, of course, obvious that if the record shows that each court postponement was unavoidable, there is no need for the hearing judge to determine if the court postponements were the principal cause of *the delay;* and, it is just as apparent that whenever *the delay* is composed solely of court postponements, the record must show "the causes of the delay and the reasons why the delay cannot be avoided."

■ We hold, therefore, that Rule 1100(c)(3) provides: That whenever postponements by reason of judicial delay have been the sole cause of *the delay,* the record must show the reasons why such postponements could not be avoided.

That whenever *the delay* has been caused not only by court postponements but also by other factors, and the hearing judge determines that the court postponements were not the principal cause of *the delay,* the record need not reflect that such court postponements were unavoidable.

■ The record here fails to demonstrate that the postponements during April and May were due to unavoidable court delay. However, it does reflect that unavoidable court delay prevented the trial of this case on but two days of the fifteen day June criminal calendar, while the unavailability of appellant or his counsel precluded the commencement of the trial on the other thirteen days. And then, when the trial was scheduled for July 9, the actual rundate, the trial could not commence by reason of the fact that counsel for appellant was on vacation. As a result the Commonwealth was forced, under pain of ultimate sanction, namely, the discharge of the accused without trial, to proceed that same day to prepare and file a petition for extension, a task the Commonwealth was, assuredly only with considerable diligence, able to accomplish. Appellant would, nonetheless, have us dismiss all of the charges by reason of the failure of the record to formally express that the case was not tried as scheduled in April or May due to unavoidable court delay. Since, however, court postpone-

ments were not the principal cause of *the delay*, we reject the argument of appellant. Accordingly, we conclude the Common Pleas Court did not err when it, under these circumstances, granted the petition of the Commonwealth and extended the time within which the trial could commence.

Judgment of sentence affirmed.

HOFFMAN, J., concurs in the result.