## Commonwealth v. Tinkey

*George B. Kaufman,* assistant district attorney, for the Commonwealth.
*Joseph B. Policicchio,* for defendant.

COFFROTH, *P.J.,* January 14, 1985—This case is here on the Commonwealth's application to extend time for commencement of trial under Criminal Rule 1100. The issue is whether the Commonwealth used due diligence in bringing defendant to trial in January, 1985 (the coming trial session) instead of in October, 1984 (the immediately preceding trial session), because of the return of the case to court only on September 7, 1984.

The following is a log of relevant events:

July        16, 1984—Complaint filed.
August      31, 1984—Preliminary hearing scheduled. Continued at defendant's request (4 days).
September   4, 1984—Preliminary hearing held. Also date for regular arraignment for October term.

September    7, 1984—Case returned to court.
October     21, 1984—Jury selection for all cases
                    for October term.
November   23, 1984—Information filed.
December    3, 1984—Arraignment for January,
                    1985.
January     11, 1985—180th day.
January     15, 1985—184th day.
January     21, 1985—Scheduled trial date.

Defense counsel agrees that defendant is responsible for the four day continuance of the preliminary hearing, but contends that the Commonwealth did not use due diligence to bring defendant to trial in October.

The Commonwealth argues that, even if an information had been filed in September and a special arraignment for defendant had been scheduled under local Rule No: R50-301, the Commonwealth was required to give at least ten days notice to defendant of the arraignment date under Rule No: R50-304, and defendant is entitled to a 30 day period thereafter to file pretrial motions under Criminal Rule 307; and that there was not a reasonable time for so doing for the October term.

We grant the extension on the basis of the following propositions:

(1) The defense asserts want of due diligence only after September 7, 1984, when the case was returned to the court.

(2) The right of defendant to file pretrial motions under Criminal Rule 307 must, absent waiver, be preserved; accordingly that amount of time must be allowed between arraignment and trial date for that purpose. Commonwealth v. Marple, 37 Somerset L.J. 42, 54 (1979); Commonwealth v. Slick, 14 D.&C.3d 129 (1980); compare Commonwealth v.

Pealer, 15 D.&C.3d 283 (1980); on waiver, see Commonwealth v. LaMonna, 473 Pa. 248, 373 A.2d 1355 (1977). This case would have been scheduled for jury selection on Monday, October 21, 1984. Jury selection is part of the trial for Rule 1100 purposes. See Commonwealth v. Johnson, 309 Pa. Super. 367, 455 A.2d 654 (1983). Under our practice all juries for the term are selected on that date. Compare Commonwealth v. Shirey, 333 Pa. Super. 85, 481 A.2d 1314 (1984). Accordingly, defendant's 30 day period for filing under Rule 307 would have expired on October 21 when jury selection would have begun. The 30 day period therefore would have required special arraignment on or before September 20, 1984.

(3) The latest date for special arraignment being September 20, 1984, ten days prior notice thereof would have to have been mailed to defendant not later than September 9, 1984, under Rule No: R50-304. Compare Criminal Rule 303(a).

(4) The case having been returned to court on September 7, 1984, the Commonwealth would have had at most two days thereafter to prepare an information, to obtain Court approval for a special arraignment under Rule No: R50-301 and to prepare and mail to defendant notice of arraignment.*

(5) The Commonwealth is entitled to a "reasonable time" to file the information after the case is returned to court. Criminal Rule 315; see also Criminal Rule 303(a). The foregoing analysis of time

_____

*"The clerk of the criminal division shall furnish to the district attorney, as soon as practical after the record is received and marked filed and docketed, a full copy of the transcript of the justice of the peace, and of the complaint and of the appearance of counsel filed under R5-601." (Amended as approved April 27, 1983). See also Rule R28-201.

available to try defendant in October, 1984, clearly demonstrates that the Commonwealth did not then have a reasonable time to do so.

(6) Our system of criminal trial sessions, and pretrial procedures, is valid under Rule 1100. Commonwealth v. Marple, supra, 53.

Accordingly, we must conclude that trial could not be commenced prior to January 21, 1985, by the exercise of due diligence by the Commonwealth. "Due diligence" is not the utmost diligence nor is it a requirement that every conceivable effort be made to bring a defendant to trial within the time allowed by Rule 1100. What is required is a reasonable effort to do so. Commonwealth v. Crossland & Emmett (No. 2), 38 Somerset L.J. 226, 240 (1978), affirmed Commonwealth v. Emmett, 274 Pa. Super. 23, 28, 417 A.2d 1232 (1979). As stated in Commonwealth v. Polsky, 493 Pa. 402, 407, 426 A.2d 610 (1981), the "due diligence" required "does not demand perfect vigilance and punctilious care, but rather a reasonable effort." The Commonwealth should not be required to take extraordinary steps to bring to trial at a session of court cases which arrive too late to be fitted into an established trial system. Compare Commonwealth v. Wagner, 221 Pa. Super. 50, 58, 289 A.2d 210 (1972), appeal from this court.

Accordingly, the Commonwealth's application for extension of time is granted and we have signed the approving order attached to the application.