502 A.2d 690

COMMONWEALTH of Pennsylvania

v.

Albert HERBERT, a/k/a Robert Miller, Appellant.

Superior Court of Pennsylvania.

Argued April 16, 1985.

Filed Dec. 27, 1985.

Harvey L. Anderson, Philadelphia, for appellant.

Elizabeth J. Chambers, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

WICKERSHAM, Judge:

The underlying facts to this appeal are as follows:

Defendant was tried on the charges of robbery, theft by unlawful taking and simple assault on June 9, 1982, before the Honorable Nicholas M. D'Alessandro, sitting without a jury.

The trial evidence established the following. On July 7, 1981, at about 3:45 P.M., defendant grabbed the elderly, seventy-one year old victim, threw her into a doorway and then repeatedly knocked her to the ground while he tried to grab her purse. When defendant pulled at her purse, the victim struggled. To overcome her resistance, defendant knocked the elderly woman to the ground and kept pulling at her purse. He then picked her up and threw her back to the ground, this time successfully yanking her purse from her grasp. Police Officer John Russell and Joseph Walsh were on patrol when they observed defendant accost the victim as described above. They then chased defendant. During the chase, Officer Russell observed defendant throw the victim's purse under a car. Defendant was then caught, arrested and the purse retrieved by the pursuing officers.

\* \* \* \* \* \*

After due deliberation, on June 11, 1982, Judge D'Alessandro found defendant guilty of all charges. Defendant, by trial counsel, Charles Junod, Esquire, timely filed and argued post-verdict motions. On August 8, 1982, the trial court denied defendant's post-verdict motions and imposed a sentence of four to eight years incarceration for

robbery and ruled that the charges of theft and simple assault merged with robbery for the purposes of sentencing. On August 24, 1982, defendant timely filed his *pro se* appeal. Charles Junod, Esquire, appointed as appellate counsel on September 9, 1982, was removed on November 20, 1984. New counsel, Harvey L. Anderson, Esquire, was then appointed to represent defendant in his direct appeal.

Brief for Appellee at 1–2.

On appeal, appellant raises three issues:

I. Whether the Court erred in granting the Commonwealth an extension under Rule 1100, where the Commonwealth failed to sustain its burden of proof that it proceeded with due diligence to bring Appellant to trial within the time required by Rule 1100, Pennsylvania Rules of Criminal Procedure.

II. The trial court erred in allowing the testimony of the alleged victim's brother to establish that the purse was the property of the alleged victim.

III. The Appellant was denied his constitutional right to confrontation and cross-examination, by the failure of the Commonwealth to produce the alleged victim to testify pertaining to the alleged offense.

Brief for Appellant at 3.

The trial court has comprehensively and thoroughly addressed defendant's second and third appellate claims, and the lower court's reasoning is adopted herein. *See* Opinion, D'Alessandro, J. However, in light of defendant's discussion on appeal of several Rule 1100 claims which were either inadequately raised or totally omitted before the lower court, we supplement the lower court's Rule 1100 discussion as follows.

A. DEFENDANT'S UNAVAILABILITY FULLY JUSTIFIED THE HEARING COURT'S EXTENSION OF TIME UNDER PA.R.CRIM.P. 1100.

■ Defendant, who hid himself under one of his seven aliases while incarcerated pending trial in the instant case,

now seeks the windfall of absolute immunity from prosecution under Rule 1100.[1] Defendant claims that the court improperly excluded the time that defendant was incarcerated under his alias.[2]

The evidence at the Rule 1100 hearing established the following.[3] Defendant was arrested under the incorrect

1. The pertinent Rule 1100 dates are as follows. A complaint was filed against defendant on July 7, 1981. One hundred eighty days from the filing of that complaint was January 3, 1982. A bench warrant was issued for defendant at his first preliminary hearing on July 13, 1981. The bench warrant was withdrawn on January 5, 1982. On January 12, 1982, the Commonwealth filed its petition to extend under Rule 1100 alleging the period between July 13, 1981 and January 5, 1982 to be excludable time under section (d) of Rule 1100 because defendant failed to appear for his scheduled hearing. On January 18, 1982, defendant filed an answer to the Commonwealth's petition and a petition to dismiss alleging there were no periods of excludable time and that the Commonwealth failed to exercise due diligence to locate defendant. On January 19, 1982, defendant filed two additional, *pro se* motions to dismiss based on speedy trial claims. On February 8, 1982, the Rule 1100 hearing was held wherein the Honorable John J. Scott, Jr., ruled that defendant was unavailable between July 13, 1981 and January 5, 1982, and, therefore, further ruled that period of time excludable.

2. Defendant also challenges on appeal the timeliness of the Commonwealth's filing of its Rule 1100 petition. This claim is waived. Since this is a new theory which defendant never raised in post-verdict motions, the trial court properly ruled this theory was not preserved for appellate review. D'Alessandro, J., at 570, n. 5. *See Commonwealth v. Dunston,* 496 Pa. 552, 437 A.2d 1178 (1981).

3. Contrary to defendant's claim, he was afforded a full evidentiary Rule 1100 hearing. Judge Scott's factual and legal conclusions were firmly rooted in the evidence before him which consisted of the official court documents of defendant's case and defendant's testimony. The law of this Commonwealth is clear that official court documents are proper and appropriate evidence at Rule 1100 hearings and are sufficient alone to support Rule 1100 findings and rulings. *See Commonwealth v. Lewis,* 319 Pa.Super. 33, 465 A.2d 1038 (1983); *Commonwealth v. Harris,* 315 Pa.Super. 544, 462 A.2d 725 (1983); *Commonwealth v. Postell,* 280 Pa.Super. 550, 421 A.2d 1069 (1980). Moreover, no due process principles or testimonial privileges operated to preclude defendant's testimony at this Rule 1100 hearing. Accordingly, defendant's reliance on *Commonwealth v. Reynolds,* 277 Pa.Super. 145, 419 A.2d 703 (1980), is misplaced. In *Reynolds,* absolutely no evidence was presented, and the assistant district attorney uttered not one word at the hearing. The *Reynolds* court thereby ruled in an evidentiary vacuum. To the contrary in the instant case, the court's ruling was based on testimony and documentary evidence, as well as argument from both sides.

name of Robert Miller. He was processed and originally imprisoned under that alias and that misnomer was carried on the official court documents in this case. Once in prison, *defendant caused the prison authorities to change the name he was held under from Robert Miller to Albert Herbert,* which he claimed was his correct name.[4] Defendant alerted neither the district attorney nor his very own counsel to this name change.

Defendant's name machinations at the prison resulted in predictable confusion at defendant's first preliminary hearing on July 13, 1981. Originally believing defendant was not brought down from the prison, the preliminary hearing court contacted the prison. Informed that no one by the name of Robert Miller was in custody, the hearing court issued a bench warrant for defendant—as Robert Miller.[5] Bench Warrant, dated July 13, 1981, issued by McCormack, J. Defendant was represented at the July 13, 1981 hearing by counsel who either failed to reveal or was unaware of defendant's location or then current moniker.

No word was heard from defendant, who alone among the principals of this case knew where and under what name he was being held, until *after* the Rule 1100 rundate of January 3, 1982. Thereafter, a flood of activity ensued. Two days after the rundate, defendant's bench warrant was lifted. Within two weeks of the Rule 1100 rundate, on

---

**4.** In fact, throughout his active criminal history beginning at age fifteen and covering twelve adult arrests, five felony convictions, and four commitments, defendant has carried at least five aliases, among which are the following: James Williams, George Herbert, Herbert Albert, as well as Alfred Herbert and Robert Miller. *See* Prisoner Bring-up Sheet, dated June 8, 1982.

**5.** Judge Scott properly took judicial notice of the meaning and significance of the various notations on the court transcript. *See Commonwealth v. Selig,* 317 Pa.Super. 533, 538, 464 A.2d 450, 453 (1983). ("The technique of judicial notice is a permissible method of reaching a conclusion and the use of that method in Rule 1100 hearings has received the clear approval of this court"). *Accord, Commonwealth v. Bulling,* 331 Pa.Super. 84, 480 A.2d 254 (1984); *Commonwealth v. Byrd,* 325 Pa.Super. 325, 472 A.2d 1141 (1984). The hearing court's factual conclusions, based as they were on the court's familiarity with and interpretation of those notations, were firmly based in the evidence before him and not, as defendant contends, in mere "surmise."

January 19, 1982, demonstrating a considerable familiarity and understanding of applicable law, defendant filed *pro se* two written petitions to dismiss the charges against him in this case.[6]  In both motions, defendant introduced himself to the court as Robert Miller a/k/a *Alfred* Herbert.  Defendant, who had had no contact with his attorney prior to the running of the Rule 1100 period, thereafter initiated contact with his attorney by telephoning counsel from prison to ensure counsel's presence at the February 8, 1982, Rule 1100 and preliminary hearings.

Upon this evidence, Judge Scott ruled that the period between July 13, 1981 and January 5, 1982, when defendant's bench warrant was lifted, was excludable time.  Accordingly, the hearing court extended the Rule 1100 rundate to June 28, 1982.  The hearing court's ruling was absolutely proper.

The record before the Court clearly demonstrated that, although incarcerated, defendant consciously made himself unavailable for prosecution of the charges against him.  Defendant cleverly "lost" himself within the crevices of the criminal justice system to reappear magically at the appropriate time to lament the putative denial to him of a speedy trial.  Judge Scott correctly saw through defendant's ploy and properly held defendant accountable for the time lost as a result of defendant's own ruse.

The hearing court's ruling is fully and firmly supported in the law of this Commonwealth and is compelled by Supreme Court authority.  In *Commonwealth v. Polsky*, 493 Pa. 402, 426 A.2d 610 (1981), the Supreme Court made clear that when the accused himself is responsible for the delay in the commencement of trial, "[c]ommon sense, the public interest and justice demand that [h]e not be permitted the

6.  In an apparent effort to cover all possibilities, defendant filed a petition to dismiss under Rule 1100 and a second petition to dismiss under the analogous Municipal Court rule governing speedy trials, Pa.R.Crim.P. 6013.  Defendant's filing of these two petitions was accomplished independent of discussion with his then counsel of record, the Defender Association of Philadelphia.  Defendant's counsel filed a separate petition to dismiss on defendant's behalf on January 18, 1982.

windfall of an absolute dismissal under Rule 1100 . . . ." 493 Pa. at 407, 426 A.2d at 613. *Accord, Commonwealth v. Brightwell,* 486 Pa. 401, 407, 406 A.2d 503, 505 (1979) (Opinion in Support of Affirmance, Nix, J.) ("[W]e know of no case wherein the right to a speedy trial has been violated when the cause for delay has been properly attributable to the defendant.")

Moreover, contrary to defendant's claim, the fact that he was in custody in no way prevented his being ruled unavailable under Rule 1100. As Judge Spaeth (now President Judge) stated in ·*Commonwealth v. Clark,* 248 Pa.Super. 184, 188, 374 A.2d 1380, 1382 (1977):

Although it is axiomatic that "it is not the defendant's duty to bring himself to trial," (citation omitted), *it does not follow from this axiom that a defendant may hide himself away in some crevice of the criminal justice system.* To declare appellant a "fugitive" was unwarranted, *given the fact that he was in custody. He may nevertheless have been "unavailable."* (emphasis added).

Defendant, while in custody, clearly made himself unavailable for criminal prosecution. This is emphatically not a situation in which the criminal justice system mismanaged and "lost" defendant—instead, it is one in which defendant, displaying his savvy and understanding of the criminal justice system, seized an opportunity to exploit potential weaknesses in the system and delayed his trial until the period for timely criminal prosecution had passed. Defendant's demand for immunity from prosecution based on his calculating action is intolerable and is condemned by all authority in this area of the law.

It is manifestly apparent that the last thing defendant wanted was a speedy trial; rather, all of his efforts were directed to the avoidance of criminal prosecution altogether. To have rewarded defendant's errant behavior by giving him what he wanted all along—absolute immunity from criminal liability—under the pretext that the speedy trial he successfully avoided was *denied* him, would have constituted a monstrous and unacceptable distortion of Rule 1100.

The hearing court and the trial court on post-verdict motions both readily recognized defendant's ploy for what it was and refused to participate in defendant's blatant, perverse attempt at exploiting Rule 1100. The rulings of both lower courts, reflecting as they do the clear dictates of authority in this area, were absolutely proper. Hence, defendant's claim must be rejected.

## B. DEFENDANT'S FIFTH AMENDMENT RIGHTS WERE NOT VIOLATED AT HIS RULE 1100 HEARING.

■ Defendant, who sought dismissal of all criminal prosecution against him with two *pro se* motions to dismiss filed under two of his seven aliases, now claims the Fifth Amendment prohibited the court from asking him what his name was. Defendant's claim is waived. Defendant completely failed to raise this fifth amendment claim at any point during post-verdict motions. Defendant's bare, unspecific Rule 1100 allegation, wholly omits all reference, implicit or explicit, to the fifth amendment claim he raises on appeal. Moreover, defendant failed to raise this issue before the lower court at oral argument on post-verdict motions. The result was that *no post-verdict consideration of this claim occurred at all. See* Opinion, D'Alessandro, J., 2–7. Such total circumvention of lower court review had been expressly, clearly and consistently prohibited by the Supreme Court since its decision in *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975). *See also, Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203 (1982); *Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1980); *Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978), and cases cited therein. Accordingly, defendant's claim was not preserved for appellate review. In any event, defendant's claim is meritless.

## C. NO DUE PROCESS VIOLATION OCCURRED AT DEFENDANT'S RULE 1100 HEARING.

■ Defendant next claims that an unspecified due process violation occurred in that the court exceeded its judicial

authority by its simple act of asking him about the aliases used on the motion papers he had filed with the court. This claim is waived. Defendant did not preserve this objection at the Rule 1100 hearing. He further failed to specify this issue in his post-verdict motion on Rule 1100. Nor did he raise this issue before the lower court in oral argument on post-verdict motions. Since his failure to raise this issue at all in his post-verdict motions, or, in the alternative, his presentation on appeal of a new theory or ground not advanced below has resulted in absolutely no prior review of this claim at any stage before appeal, defendant has failed to preserve this claim for appellate review. *See Commonwealth v. Blair, supra;* in any event, defendant's claim is meritless.[7]

For the foregoing reasons, judgment of sentence is affirmed.

Judgment of sentence affirmed.

7. We have the benefit of the *excellent* appellee's brief filed in this case.