Commonwealth *v.* Jackson, Appellant.

Argued March 13, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Stephen P. Swem,* Assistant Public Defender, with him *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 4, 1973:

In 1970, appellant, William Jackson, was indicted with Samuel Taylor, Raymond Peterson, and John Doe on a bill charging armed robbery, receiving stolen goods, and violation of the Uniform Firearms Act. These charges arose out of the robbery of the Li'l General Store in Wilkinsburg. This indictment was consolidated for trial with another indictment which charged only Samuel Taylor and Raymond Peterson with robbery of a store in Oakmont. Appellant was not charged on the second indictment. There was no alle-

gation that appellant participated in the Oakmont robbery or that the Oakmont robbery was part of a series of transactions involving appellant. Challenges to the consolidation of these indictments were made by appellant and denied. He was then tried by a jury and found guilty of armed robbery and violation of the Uniform Firearms Act. The Superior Court affirmed appellant's conviction and we granted allocatur.

Appellant alleges that the denial of his motion to sever was error. We agree. In *Commonwealth v. Kloiber*, 378 Pa. 412, 415, 106 A. 2d 820 (1954), we stated: "The trial judge because of his position and for other obvious reasons has been given a discretion to determine whether a number of bills of indictment should be consolidated and tried together, and his exercise of discretion in such matters will not be reversed by an appellate Court unless there has been a manifest abuse of discretion or a joint trial is so unfair as to be clearly unjust and prejudicial to one or more of the defendants. Especially is a joint trial permissible, if not advisable, when the crimes charged grew out of the same acts and much of the same evidence is necessary or applicable to both defendants. . . ."

The Commonwealth attempts to justify the consolidation of the charges on the grounds that the two robberies occurred in the same neighborhood, on the same day and were similar in the means used to effectuate the crime. However, even assuming that Wilkinsburg and Oakmont are "in the same neighborhood," there was no proof offered that the crimes in question were the product of a common scheme or of a continuing conspiracy between appellant and his co-defendants. Since no evidence was given to link appellant to the Oakmont robbery, the fact that the crimes were similar in nature does not afford a sound basis for ordering their consolidation at trial. See *Cupo v. United States*, 359 F. 2d 990 (D.C. Cir. 1966), cert. denied, 385 U.S.

1013, 87 S. Ct. 723 (1967). See also *Commonwealth v. Belgrave*, 445 Pa. 311, 285 A. 2d 448 (1971).

In the instant case, appellant was subjected to a trial in which evidence was produced that was related solely to crimes with which appellant had no connection.

Judgment of sentence reversed and case remanded to the Court of Common Pleas of Allegheny County, Criminal Division, for a new trial.