546 A.2d 596

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Barry PATTERSON, Appellee.**

Supreme Court of Pennsylvania.

Argued April 14, 1988.

Decided July 28, 1988.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Chief, Appeals Div., Leonard Deutchman, Philadelphia, for appellant.

John W. Packel, Chief, Appeals Div., Jeffrey P. Shender, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

The Commonwealth of Pennsylvania, Appellant, appeals by allowance from an Order of the Superior Court, 363 Pa.Super. 641, 522 A.2d 662 (1987), which vacated, for the second time, several judgments of sentence imposed upon Appellee, Barry Patterson, and remanded the case to the Court of Common Pleas of Philadelphia County for a new

trial. This is also the second time this case comes before us for review without all of the issues presented to the Superior Court having been ruled upon. Because of our disposition of this appeal, it now becomes necessary to remand the case for a second time to the Superior Court for consideration of the remaining issues.[1] The issue presently before us is whether the trial court abused its discretion by denying a severance in a case where co-defendants were faced with identical rape, robbery, burglary, aggravated assault, and conspiracy charges based on the same incident and involving the same evidence, but where one co-defendant was also charged with witness intimidation.

On November 14, 1981, Appellee and his co-defendant attacked fourteen-year-old Lourdes Saldana in her North Philadelphia home after the child surprised them in a burglary. The intruders brutally beat the girl and forcibly removed her clothing. While Appellee looked on, his confederate raped the child until she passed out. The assailants then fled with a television and tape recorder.

When found, the child was comatose; her face had swelled to twice its size; her eye was blackened and swollen shut, her mouth was battered and her nose was broken. The child spent nine days in the hospital. At first she was unable to speak and suffered amnesia. Eventually she recovered enough to name Appellee, a neighbor whom she knew personally, as her assailant.

Additional evidence, in support of a separate witness intimidation charge against the co-defendant, James Reid, was offered by the victim and her mother. Both testified that the co-defendant came to the hospital on Monday, November 16, 1981, two days after the rape, and ap-

1. Prudent administration of justice should have alerted the intermediate appellate court to consider all of the issues before that court the second time around. The issues not addressed by the Superior Court on remand are: 1) whether the trial court erred in allowing irrelevant testimony regarding the Appellee's house into the case elicited solely to portray him as a sub-human who lived in filth and animal excrement; and 2) whether the trial court erred in unduly restricting cross-examination of the complainant concerning her inability in two prior police interviews to identify her assailants.

proached the victim while she was in her intensive care hospital bed. With the victim's mother, uncle, and a friend of Reid's all present, Reid said to the victim: "Don't tell the cop [sic] on me" (R. 61a–62a) (as the victim testified), or, "You better tell the cops the truth I didn't do this" (R. 88a) (as her mother testified).

In his defense, Appellee sought to establish that the real perpetrator was the victim's uncle, and that she identified Appellee only after suggestion from the family. To this end, he elicited testimony that the victim's first words after the crime were "Kevin" (her uncle's name) and "the Block" (a nickname for a friend of her uncle) (R. 71a–78a). Appellee also established that, before the victim identified Appellee as one of the assailants, her relatives had repeatedly voiced their suspicions of him in her presence.

Finally, Appellee brought out, and emphasized in closing, the fact that it was Uncle Kevin who brought co-defendant Reid to the hospital after the incident, allegedly to draw attention away from himself.

The jury rejected this defense and, in a joint trial, convicted Appellee and his co-defendant on October 27, 1982, the Honorable Angelo A. Guarino presiding, of rape,[2] robbery,[3] burglary,[4] aggravated assault,[5] and criminal conspiracy.[6] The co-defendant was also tried and convicted on a charge of intimidating a witness[7] (the fourteen-year-old rape and assault victim) in the common trial. Post-verdict motions were denied on July 18, 1983, and the court imposed concurrent sentences of ten to twenty years imprisonment on the robbery, burglary and rape bills, followed by ten years probation on the conspiracy bill. (The aggravated assault bill merged with the rape bill for sentencing purposes.) Appellee appealed to the Superior Court.

**2.** 18 Pa.C.S. § 3121.

**3.** 18 Pa.C.S. § 3701.

**4.** 18 Pa.C.S. § 3502.

**5.** 18 Pa.C.S. § 2702.

**6.** 18 Pa.C.S. § 903.

**7.** 18 Pa.C.S. § 4952.

In the earlier appeal, the Superior Court reversed the conviction and remanded for a new trial holding that the trial court erred in not conducting a colloquy before rejecting Appellee's request to waive a jury trial and send the case to a new judge. *Commonwealth v. Patterson*, 342 Pa. Superior Ct. 411, 493 A.2d 88 (1985). We summarily reversed and remanded to the Superior Court to rule on the remaining allegations of error raised in Appellee's appeal. *Commonwealth v. Patterson*, 510 Pa. 567, 510 A.2d 1232 (1986).

On remand, the Superior Court again ruled on only one of the multiple issues presented and held (Johnson, J. dissenting) that the denial of Appellee's motion to sever his trial from that of his co-defendant was an abuse of the trial judge's discretion. The Superior Court reasoned that since this evidence of intimidation would not have been admissible against Appellee if he were tried separately, the trial court's cautionary instructions on this point were inadequate as a matter of law. We granted the Commonwealth's Petition for Allowance of Appeal to consider a proper standard for exercise of the trial court's discretion in a hybrid situation as presented by this case.

This is not a typical joinder/severance case. There are generally two types of cases dealing with the issue of consolidation. One type concerns the consolidation of different offenses involving the same defendant. The other type concerns the consolidation of different defendants involved in the same offense. The instant case is unusual in that it has elements of both types of consolidations. Appellee concedes that it would certainly have been proper for the Commonwealth to have joined the intimidation case against the co-defendant with the rape case against him because the evidence of the facts underlying the intimidation case would have been admissible at the trial of the rape case anyway. Similarly, Appellee asserts that it would have been proper for the Commonwealth to have joined the rape case against the co-defendant with the rape case

against himself as they were alleged to have participated in the same offenses.

Appellee argues, however, that it was plainly improper to do both because the evidence of the facts underlying the intimidation case against the co-defendant would not have been admissible at a separate trial against the Appellee as he was not alleged to have participated in the intimidation offense. The prejudice asserted by the Appellee because of the failure to sever concerns his defense which was mistaken identity. The only evidence in the case incriminating him was the identification at trial by the victim. Appellee contends that the evidence of intimidation by the co-defendant could *only* have had the effect of corroborating the victim's identification of the Appellee. The record does not support this bold assertion of prejudice.

The severance of offenses and/or defendants is governed by Pa.R.Crim.P. 1127 and 1128. Rule 1127 provides in relevant part: Joinder—Trial of Separate Indictments or Informations

**A. Standards**

. . . . .

(2) Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction ... constituting an offense or offenses.

"This rule of joinder parallels the case law which recognizes that joint trials of co-defendants is [sic] advisable when the crimes charged grew out of the same acts and much of the same evidence is necessary or applicable to both defendants." (citations omitted). *Commonwealth v. Morales*, 508 Pa. 51, 61, 494 A.2d 367, 372 (1985).

Rule 1128 provides:

**Severance of Offenses or Defendants**

The court *may* order separate trials of offenses or defendants or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together. (Emphasis added).

Comment: This rule provides the procedure whereby the court may, because of prejudice to a party, order separate trials of offenses or defendants that otherwise would be properly tried together under Rule 1127. A defendant may also request severance of offenses or defendants on the ground that trying them together would be improper under Rule 1127.

 It is clear that under these rules and our relevant case law, the decision of whether to sever trials of co-defendants is one within the sound discretion of the trial judge and will not be disturbed on appeal absent a manifest abuse of discretion. *Morales, supra; Commonwealth v. Morris,* 493 Pa. 164, 425 A.2d 715 (1981); *Commonwealth v. Iacino,* 490 Pa. 119, 415 A.2d 61 (1980); *Commonwealth v. Tolassi,* 489 Pa. 41, 413 A.2d 1003 (1980) (see also cases cited therein). The defendant must show real potential for prejudice and not mere speculation. *Commonwealth v. Tolassi, supra.* The mere fact that a co-defendant might have a better chance of acquittal if tried separately is not sufficient to grant a motion to sever. *Commonwealth v. Iacino,* 265 Pa. Superior Ct. 375, 401 A.2d 1355 (1979), *aff'd.* 490 Pa. 119, 415 A.2d 61 (1980) citing *United States v. Clark,* 398 F.Supp. 341 (E.D.Pa.1975).

 The general policy of the law is to encourage joinder of offenses and consolidation of indictments when judicial economy can thereby be effected, especially when the result will be to avoid the expensive and time-consuming duplication of evidence. Joint trials are, in fact, advisable where, as here, conspiracy is charged. *Commonwealth v. Jackson,* 451 Pa. 462, 303 A.2d 924 (1973). But the interest in judicial economy must be balanced against the need to minimize the prejudice that may be caused to a defendant by consolidation. *Commonwealth v. Morris,* supra; *Commonwealth v. Lasch,* 464 Pa. 573, 347 A.2d 690 (1975). In determining whether the trial judge abused his discretion, the critical factor is whether the accused has been prejudiced by the trial court's decision.

The Commonwealth argues that Appellee's severance claim is meritless and should have been rejected for several reasons: 1) there was a conspiracy charged and the evidence against both defendants was almost identical, and the only piece of evidence applying solely to the co-defendant was clearly capable of separation by the jury and easily compartmentalized; 2) the Appellee himself made use of this separate evidence in his defense; 3) the trial court gave explicit limiting instructions which were not challenged as inadequate by the Appellee; and 4) in addition to increasing the trauma to the young victim, the amount of court time would have been doubled unnecessarily.

In *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973), a plurality [8] of this Court held that the determinative factors in a court's decision to sever indictments are whether "the evidence of each of [the] particular crimes would not have been admissible in a separate trial for the other," [9] or "whether the evidence is capable of separation by the jury [so that] the danger of confusion is not present...." [10]

In *Commonwealth v. Morris, supra,* a majority of this Court declined to adopt such a liberal rule of joinder of offenses, but did hold that offenses may be joined or indictments may be consolidated where the separate offenses show the defendant's unusual or distinctive modus operandi. *Id.,* 493 Pa. at 176, 425 A.2d at 720. The *Morris* Court, likewise, declined to adopt the American Bar Association's standard providing for an absolute right to severance of offenses because a rule requiring automatic severance would impose an undue burden on the administration of justice without providing any real benefit to the defendant. *Id.,* 493 Pa. at 175, 425 A.2d at 720. The court chose a middle ground as providing the desired balance. In the

8. Chief Justice Jones and then Justice O'Brien (later Chief Justice) joined Justice (later Chief Justice) Eagen's plurality opinion. Justice Pomeroy filed a concurring opinion. Justice Roberts filed a dissenting opinion which was joined by then Justice Nix (now Chief Justice) and Justice Manderino.

9. *Commonwealth v. Peterson,* 453 Pa. at 198, 307 A.2d at 270.

10. *Id.,* 453 Pa. at 199, 307 A.2d at 270.

instant case, the consolidation of the intimidation indictment with the rape, robbery, burglary, aggravated assault and conspiracy indictments against the co-defendant appears proper and is not at issue herein. The question we determine is whether Appellee was unduly prejudiced by being tried in a joint trial.

█ The sole basis of the Superior Court's determination that the trial court abused its discretion in denying a severance was that the charge of intimidation against the co-defendant arose out of a separate incident and evidence of this act would not have been admissible against Appellee had Appellee been tried separately. The Superior Court erred in finding a manifest abuse of discretion here. In denying the motion to sever, the trial judge properly considered that the trial was likely to be lengthy (it took five days). He also properly considered the burden on the young victim in having to testify in two separate lengthy trials if he granted the motion. He also determined that curative, cautionary instructions could adequately dispel any prejudicial effect on the Appellee from the introduction of evidence on intimidation relating to his co-defendant. Judge Guarino also noted that the evidence pertaining to the intimidation charge unmistakably and unequivocally pointed to the co-defendant only. The evidence of witness intimidation against the co-defendant consisted of statements made by the co-defendant to the victim at the hospital where he had been brought by the victim's uncle. Appellee's claim that he was unfairly prejudiced by this evidence is particularly unconvincing in light of the fact that he made use of it in his own defense. He argued that the uncle and a friend were the real culprits, and that the uncle brought the co-defendant to the hospital in order to divert suspicion from himself. We cannot say that the possible prejudicial effect of the testimony on intimidation is more harmful than the prejudicial effect that we habitually tolerate in joint trials where evidence is introduced against only

one of the defendants.[11] Such evidence is plainly admissible and allowing a joint trial in such a case is not an abuse of discretion. *Commonwealth v. Morales, supra,* and *Commonwealth v. Iacino, supra.*

Accordingly, the order of the Superior Court reversing the Philadelphia County Court of Common Pleas judgment of sentence of July 18, 1983, and remanding for re-trial is reversed, and the case is remanded to the Superior Court to consider the remaining issues raised in that appeal and not reached by that Court.

ZAPPALA, J., dissents and would affirm on the basis of the Memorandum Opinion of the Superior Court.

---

11. As the Commonwealth points out in its brief, the Superior Court ignored its own precedent which approves joint trials under circumstances equivalent to those here. See, *e.g., Commonwealth v. Mason,* 358 Pa. Superior Ct. 562, 574, 575, 518 A.2d 282, 288–289 (1986) (allocatur denied) (joint trials proper despite widely varying evidence against six appellants who had differing roles in murder and arson conspiracy); *Commonwealth v. Katsafanas,* 318 Pa. Superior Ct. 143, 156–158, 464 A.2d 1270, 1278 (1983) (joint trial proper despite evidence of co-defendant's perjury, offered to show consciousness of guilt); *Commonwealth v. Iacino,* 265 Pa. Superior Ct. 375, 401 A.2d 1355 (1979), *aff'd.* 490 Pa. 119, 415 A.2d 61 (1980).