592 A.2d 706

**COMMONWEALTH of Pennsylvania**

v.

**Robert JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1991.

Filed June 10, 1991.

364

Paul George, Philadelphia, for appellant.

John K. McDonald, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County. The issue in this case is whether the lower court erred in denying

appellant's motion to dismiss under criminal procedure rules 1100 and 6013. Pa.R.Crim.P., Rules 1100 and 6013, 42 Pa.C.S.A. We find that the lower court abused its discretion in denying the motion.

The relevant facts are as follows: On October 30, 1989, appellant was convicted in the Philadelphia Municipal Court of resisting arrest and simple assault. Under Rule 6006(a) of the Pennsylvania Rules of Criminal Procedure, 42 Pa. C.S.A., appellant appealed to the Common Pleas Court of Philadelphia on November 13, 1989. According to Rule 6013(g) of the criminal rules, a trial *de novo* in the court of common pleas on appeal from Municipal court shall commence within ninety (90) days after the notice of appeal is filed from Municipal Court. Pa.R.Crim.P., Rule 6013(g), 42 Pa.C.S.A. Thus, the run date for commencement of trial in this case was February 13, 1990.

On February 8, 1990, at appellant's first trial listing, the Commonwealth requested a continuance because the complainant police officer had not been subpoenaed. The Commonwealth also had not located the trial file for the case. The case was therefore continued until March 15, 1990. On March 12, 1990, appellant filed a written motion to dismiss citing Pa.R.Crim.P., Rules 1100 and 6013, 42 Pa.C.S.A. At the second trial listing on March 15, 1990, the Commonwealth was again unprepared to proceed to trial because the subpoena for the police officer witness had been sent to the wrong police district. The Commonwealth requested a continuance and appellant moved for dismissal.

On April 30, 1990, the trial court denied appellant's motion to dismiss, and after a bench trial, appellant was convicted of resisting arrest. Appellant's post-verdict motions were denied and he filed this timely appeal. On appeal, appellant raises one issue: whether the Commonwealth failed to exercise due diligence in bringing him to trial within the time period set forth in Rule 6013(g).

Rule 6013(g) of the Pennsylvania Rules of Criminal Procedure provides:

(g) A trial *de novo* in the Court of Common Pleas shall commence within a period of ninety (90) days after the notice of appeal from the Municipal Court is filed. In all other respects the provisions of Rule 1100 shall apply to such trials in the Court of Common Pleas.

Pa.R.Crim.P., Rule 6013(g), 42 Pa.C.S.A. Rule 1100 of the Rules of Criminal Procedure is implicated by Rule 6013(g). The rule sets forth time periods within which trial is to commence in the ordinary court case, *i.e.*, one which is not appealed to the court of common pleas from the Municipal Court as in the case *sub judice*. *See* Pa.R.Crim.P., Rule 1100(a)(2) and (a)(3), 42 Pa.C.S.A. (180 days to commence trial where defendant is incarcerated and 365 days to commence trial where defendant is at liberty on bail).

Rule 1100 provides for certain periods of time to be excluded in determining the period for commencement of trial:

(1) the period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 1100;

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or his attorney;

(ii) any continuance granted at the request of the defendant or his attorney.

Pa.R.Crim.P., Rule 1100(c). The rule also provides that any defendant who is held in pre-trial incarceration for a period exceeding 180 days minus the excludable time specified in Rule 1100(c), is entitled upon petition to immediate release on bail. *Id.*, Rule 1100(e). If a defendant continues on bail after the expiration of 365 days and trial has not commenced, the defendant may apply to the court for an order dismissing the charges. *Id.*, Rule 1100(g). The rule then

provides in regard to a motion to dismiss for violation of the rule that:

> If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

*Id.*

In ruling on the motion to dismiss, the lower court found that the Commonwealth had exercised due diligence in attempting to bring appellant to trial and had justifiable reasons for seeking extensions. The court also held that the delay in this case was not of such a magnitude as to be "presumptively prejudicial." *See Commonwealth v. Africa*, 524 Pa. 118, 569 A.2d 920 (1990). Continuing with this line of reasoning, the lower court found nothing in the record that would demonstrate any prejudicial effect on the defendant because of the delay.

▉ The determination of whether to grant an extension of time for commencement of trial is within the realm of discretion of the trial court. *Commonwealth v. Lohr*, 503 Pa. 130, 468 A.2d 1375 (1983). Absent an abuse of that discretion, the grant of extension will not be overturned on appeal. *Id.* In evaluating a petition for extension, the test for determining whether the Commonwealth acted with due diligence is one of reasonableness under the circumstances. *Commonwealth v. Brawner*, 381 Pa.Super. 265, 553 A.2d 458 (1989), *allocatur denied* 522 Pa. 617, 563 A.2d 886 (1989). It is the Commonwealth's burden to prove its due diligence in the prosecution of a defendant. *Common-*

*wealth v. Jones*, 314 Pa.Super. 515, 461 A.2d 276 (1983). When reviewing a trial court's decision as to whether the Commonwealth has met its burden of proving due diligence, we consider only the evidence presented by the Commonwealth and so much of the evidence of the defendant as remains uncontradicted. *Commonwealth v. Brawner*, 381 Pa.Super. at 271, 553 A.2d at 460–61.

■ Recently, the Pennsylvania Supreme Court addressed the subject of the due diligence of the Commonwealth in bringing a defendant to trial in *Commonwealth v. Browne*, 526 Pa. 83, 584 A.2d 902 (1990). In that case, the supreme court held that the Commonwealth had failed to act with due diligence despite the Commonwealth's contention that because of the "term" system of criminal court in Lancaster County, it would be unduly harsh to require the district attorney's office to monitor cases and arraignment dates to assure that no speedy trial problem arose. Under the "term" system, the district justices notified defendants as to the arraignment dates on which they were to report. Then, the defendant's case would be assigned to the next criminal trial "term" following his arraignment date. The supreme court found the Commonwealth's contention that it would be unfair to require them to monitor the Rule 1100 status of cases under this system "sheer nonsense," and held that due diligence imposes on the government the duty to employ simple recordkeeping systems in these circumstances. *Id.*, 526 Pa. at 89, 584 A.2d at 905–06. The court found the delay in the *Browne* case had to be "fully attributed" to the Commonwealth because of the failure of the district attorney's office to properly track the case. *Id.*, 526 Pa. at 90, 584 A.2d at 906.

In *Browne*, the supreme court also admonished this court for what the supreme court termed an inclination on the part of Superior Court "to accept any and every excuse for failure to bring a criminal case to trial within the period prescribed by Rule 1100." *Commonwealth v. Browne, supra*, 526 Pa. at 89, 584 A.2d at 905. Further, the court

noted that "this case [*Browne*] presented the opportunity to prevent further emasculation of Rule 1100." *Id.*

The Commonwealth has been held to have failed to have acted with due diligence in circumstances similar to *Browne.* In *Commonwealth v. McCutcheon*, 339 Pa.Super. 8, 488 A.2d 281 (1985), a panel of this court held that the Commonwealth's failure to maintain a proper recordkeeping system precluded a finding of due diligence in regard to the Commonwealth's petition to extend. In *McCutcheon*, after the criminal complaint had been filed against appellant in March, 1982, and after a preliminary hearing in his case had been held, a member of the district justice's staff misfiled the papers in his case in a "closed file." When appellant's counsel, in November, 1982, saw the police officer who had filed the complaint, he inquired as to the status of the case. The police officer contacted the District Attorney's office and learned that the papers in the case had never been received from the district justice. A member of the district attorney's office then obtained the papers from the district justice and filed the complaint and transcript. Then, on November 15, 1982, the Commonwealth filed a petition for an extension of time under Rule 1100. *Id.*, 339 Pa.Superior Ct. at 11, 488 A.2d at 282–83.[1]

The court in *McCutcheon* found that although the Commonwealth had clearly exercised due diligence upon learning that the papers in appellant's case had been misfiled by the district justice, there was no evidence of record that due diligence had been exercised between the filing of the complaint and the date of discovery of the district justice's mistake. *Id.*, 339 Pa.Superior Ct. at 14, 488 A.2d at 284. The court reasoned:

> So far as appears, the Commonwealth had no system to assure that cases held for court, especially those in which the Commonwealth attorney was not present at the preliminary hearing, were properly processed. Such a failure in recordkeeping "precludes a finding of due dil-

1. At the time of this action, the applicable Rule 1100 time period was 180 days. *Commonwealth v. McCutcheon, supra,* 339 Pa.Super. at 12, 488 A.2d at 283.

igence." *Commonwealth v. Metzger*, 249 Pa.Super. 107, 113, n. 4, 375 A.2d 781, 784, n. 4 (1977) (citations omitted). Although the standard of due diligence does not require the Commonwealth to exercise every conceivable effort, it does require the Commonwealth to make reasonable efforts. *Commonwealth v. Polsky*, 493 Pa. 402, 426 A.2d 610 (1981); *Commonwealth v. Colon*, 317 Pa.Super. 412, 464 A.2d 388 (1983). Here the record is devoid of evidence of *any* effort to follow cases in which a preliminary hearing has been held where a Commonwealth attorney is not present and the defendant is bound over for court....

*Commonwealth v. McCutcheon, supra*, 339 Pa.Super. at 14, 488 A.2d at 284 (emphasis in original).

Similarly, in *Commonwealth v. Bennett*, 320 Pa.Super. 150, 466 A.2d 1362 (1983), it was held that unexplained delay or delay caused by the inability of the Commonwealth to locate appellant's case file, demonstrated a lack of due diligence by the Commonwealth precluding a granting of the Commonwealth's petition to extend the Rule 1100 time period. In *Bennett*, the case was repeatedly listed for trial and continued in certain instances with no explanation offered by the Commonwealth. In certain other instances, the case was continued because the quarter sessions file could not be located. *Id.*, 320 Pa.Superior Ct. at 159, 466 A.2d at 1364. The Commonwealth did not offer an explanation as to the whereabouts of the file or as to the efforts which were asserted by the Commonwealth to locate the file. *Id.* The *Bennett* court held, "We cannot shift the burden of securing a speedy trial to the defendant, just because the case was unfortunately fraught with confusion and mismanagement." *Id.*, 320 Pa.Superior Ct. at 160, 466 A.2d at 1367.

Our task in the instant case is to determine whether the delay herein was reasonable on the Commonwealth's part or was not sufficiently reasonable to mandate a finding of due diligence. The record shows that on February 8, 1990, at the first listing of the case prior to the run date, the Commonwealth was not prepared to proceed because it had failed to subpoena the complainant police officer. The

record also shows that the Commonwealth had not located the case file on that date. The excuse provided by the Commonwealth for having failed to locate the file was that the District Attorney's office, consisting of 240 attorneys, had insufficient time from January 26, 1990, on which date a trial readiness conference had been held, to February 8, 1990, a period of thirteen days, in which to locate the file. The Commonwealth provided no explanation for its failure to subpoena the witness for the February 8, 1990 listing. When the case was continued and came up for its second trial listing on March 15, 1990, the Commonwealth was again unprepared, having sent its subpoena of the complainant officer to the wrong police district.

Based on the cases we have previously discussed, and on our supreme court's admonition in *Browne, supra,* we cannot find, as did the lower court, that the Commonwealth exercised due diligence in bringing the case to trial. The Commonwealth failed to bring in the witness for the first listing of the case, and failed to have in its possession the trial file. The Commonwealth provided no reason for its failure to bring in the witness. Its reason for not having possession of the case file was insufficient. Under the reasoning of *Browne* and other cases, *supra,* the responsibility for tracking a case through the criminal system and ensuring adherence to important deadlines is the Commonwealth's. Surely this responsibility includes taking reasonable measures to ensure the availability of a case file for a trial listing. While exceptions to this rule are bound to occur, the Commonwealth's excuse in this case that the district attorney's office is too large to permit the availability of the file does not amount to a sufficient basis upon which a finding of due diligence can be made.

We also cannot say from the record that the Commonwealth exerted reasonable efforts to bring in the witness the second time. The Commonwealth had been granted a continuance by the court for this precise purpose, but presented no evidence which would justify or explain the district attorney's "mistake" in sending the subpoena to the

wrong police district. In the absence of evidence which would justify the error and demonstrate that due diligence was being exercised in spite of it, we cannot say that the Commonwealth put forth reasonable efforts to bring the case to trial. Surely, given the fact that the witness was not properly subpoenaed for the previous trial listing, a reasonable effort to follow up on the filing of the subpoena for the March 15, 1990 listing was required so that the witness could be brought in on time. We have no evidence that the Commonwealth exerted such efforts. The only effort on the Commonwealth's part of which we are aware is that one subpoena was sent to the wrong office. There is no evidence that the subpoena was monitored in any fashion by the district attorney's office, or that the Commonwealth filed the subpoena in a sufficient amount of time to allow for error so as to make the witness' appearance on March 15, 1990 a probability. It has been held that the mere assertions of the Commonwealth as to its due diligence in bringing in a witness for trial are insufficient to support a request for extension in the absence of evidence supporting such assertions. *Commonwealth v. McNeill*, 274 Pa.Super. 257, 418 A.2d 394 (1980). The Commonwealth failed to provide such evidence in the instant case.

The case cited by the Commonwealth in support of its position, *Commonwealth v. Leatherbury*, 326 Pa.Super. 179, 473 A.2d 1040 (1984), is inapposite. In that case, the Commonwealth subpoenaed the witness for the date the case was listed for trial, but subsequently, when the date for trial was moved back one day, the district attorney handling the case simply contacted the complainant/witness and asked him to be "on call" on the new date. The complainant agreed, but after a mix-up on the date of trial, did not appear. The court in *Leatherbury* held that "failure to subpoena a witness cannot be equated with a lack of due diligence, especially where the witness in question is also the complainant." *Id.*, 326 Pa.Superior Ct. at 190, 473 A.2d at 1045. The court continued, however, that "this Court on prior occasions has suggested that the practice of

putting witnesses on call may actually be preferable to issuing a subpoena for them where there is likelihood that a case may be delayed." *Id.* Thus, the issue in *Leatherbury* was whether it was an exercise of due diligence to put the witness on call for the modified trial date without issuing a new subpoena.

That issue is not present here, as it is clear that the police witness/complainant in this case was not on call. The subpoena was the only attempted contact with the witness of which the lower court had evidence. For the reasons we have previously stated, that failed contact was insufficient to sustain the lower court's finding of due diligence on the part of the Commonwealth.

The Commonwealth also contends that the period from February 13 to March 15 was excludable because the appellant failed to object to the continuance at the February 8, 1990 trial listing. While a waiver may exist where a defendant fails to voice objection in such circumstances, *Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981), we have no record proof of the Commonwealth's allegation. In the absence of such, we cannot rely merely on the Commonwealth's unsupported assertion. *See Commonwealth v. McNeill, supra.*

We also do not find the Commonwealth's argument based on *Commonwealth v. Africa, supra,* persuasive. *Africa,* unlike the present case, involved the issue of judicial delay in bringing the defendant to trial due to the problems which arise from court calendars. In such a case, the court ruling on or reviewing a ruling on a motion to dismiss under Rule 1100 must determine whether the Commonwealth acted with due diligence, but must also engage in a two-step analysis. The first inquiry is whether the delay in the case is "presumptively prejudicial." 524 Pa. at 123, 569 A.2d at 923. If so, the court must then employ the balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for violations of a defendant's right to a speedy trial. In *Africa,* the due diligence of the Commonwealth was not an issue as it is in the instant case. The court in *Africa* therefore focused on the other factors to be

analyzed in a case of judicial delay under Rule 1100, including the "presumptively prejudicial" analysis urged by the Commonwealth in the instant case.

Although the Commonwealth urges this court to reject a "stopwatch approach" to due diligence, we are persuaded that the recent decision of our supreme court in *Commonwealth v. Browne, supra,* indicates that a return to the original purpose of Rule 1100 is in order. That purpose was stated in *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972), in which the court directed that the present Rule 1100 be developed. In *Hamilton,* the court discussed the speedy trial rule and the balancing test of *Barker v. Wingo, supra,* the former "two-term" rule in Pennsylvania under which an accused had to be tried within the second trial term of his commitment, and the problems associated with that rule, including a tremendous backlog of criminal cases. To deal with the problems of the backlog as well as the protection of criminal defendants' speedy trial rights, the *Hamilton* court directed that a rule of criminal procedure be formulated which would fix "a maximum time limit in which individuals accused of a crime shall be brought to trial, in the future, in this Commonwealth." *Id.,* 449 Pa. at 308–09, 297 A.2d at 133. In so holding, the court reasoned:

> An alternative to a balancing test is a stated time period within which accused persons must be either brought to trial or released from any threat of prosecution. The theory behind this type of rule is that it eliminates the inherent vagueness encompassed in any balancing process and it avoids the necessity of a court determining a violation of this constitutional right on a case-by-case basis. It is also felt that a mandatory time requirement will act as a stimulant to those entrusted with the responsibility of managing court calendars.

*Id.,* 449 Pa. at 308, 297 A.2d at 132–33.

Pursuant to this reasoning, Rule 1100 was developed. Although subsequent cases have on occasion urged rejec-

tion of a "stopwatch" approach,[2] the original purpose of Rule 1100 was to prescribe a fixed time period after which a defendant must be discharged. In *Commonwealth v. Browne, supra,* our supreme court urged us to reject an approach to Rule 1100 which accepts all excuses proffered for failure to bring a defendant to trial within the specified time period. Our rejection of the Commonwealth's reasons for its failure to bring appellant to trial in a timely fashion in the instant case is in accordance with the *Browne* approach.

The Commonwealth also contends that the period of time from March 12 to April 30 should be excluded from the Rule 1100 computation "since the court could not have begun the trial until it disposed of defendant's motion." The Commonwealth cites *Commonwealth v. Palmer,* 384 Pa.Super. 379, 558 A.2d 882 (1989), *allocatur denied* 524 Pa. 606, 569 A.2d 1365 (1989), in support of this proposition. While the *Palmer* case does indeed support the Commonwealth's argument, it cannot save the prosecution of this case because the Commonwealth did not exercise due diligence in bringing the case to trial on March 15, 1990. Therefore, the exclusion of time from March 15 to April 30 is irrelevant, as are the three days from March 12 to March 15 because the Commonwealth did not exercise due diligence in bringing appellant to trial at the February 8, 1990 listing.

Accordingly, because the case was not brought to trial within the time frame of Rule 6013(g) and the Commonwealth did not demonstrate due diligence in bringing appellant to trial, we will vacate the judgment of sentence, dismiss the charges, and discharge the defendant.

Judgment of sentence vacated; defendant discharged; charges dismissed.

2. *See, e.g., Commonwealth v. Terfinko,* 504 Pa. 385, 474 A.2d 275 (1984) (court declines to exercise a "stopwatch approach" to due diligence).