671 A.2d 707

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Dennis ZASLOW, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 1, 1995.

Filed Jan. 26, 1996.

Reargument Denied March 13, 1996.

Karen A. Brancheau, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Burton Rose, Philadelphia, for appellee.

Before JOHNSON, HUDOCK and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

The Commonwealth appeals from the order entered in the Court of Common Pleas of Philadelphia County granting Dr. Dennis Zaslow's motion to dismiss pursuant to Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A. We reverse and remand for trial.

This case arises from criminal complaints filed against four individuals. Specifically, A. Terry Daly, Esquire, was charged with 86 counts of criminal conduct in three Grand Jury presentments, while co-defendants Zaslow, Jannette Lawsin, and Sheldon Bennett were charged with 36, 7, and 7 counts, respectively, each in the third presentment. The third presentment alleged, *inter alia,* a pattern of racketeering activity between Daly, Zaslow, Lawsin, and Bennett, in presenting false motor vehicle and other insurance claims, lawsuits, and testimony for the purpose of collecting financial settlements and awards. In particular, the complaint against Zaslow was filed on March 10, 1993, and he was charged with insurance fraud, false swearing, perjury, corrupt organizations, theft by deception, tampering with public records, and criminal conspiracy. Zaslow was subsequently released on bail.

A preliminary hearing was held on June 14, 1993, at which counsel for Daly requested a continuance because Daly had been admitted to a mental hospital for evaluation. Zaslow objected to the continuance and filed a motion to sever his trial from Daly's trial. The Commonwealth opposed severance due to the complex nature of the case, the overlapping allegations against the four co-defendants, and because the repeated appearances of the same witnesses would greatly inconvenience the witnesses and not serve judicial economy. Further, the Commonwealth believed that Daly was malingering and feigning mental illness. The trial court denied the motion for severance and ordered that the preliminary hearing be continued until June 28, 1993.

On June 28, 1993, the court found that Daly was competent to proceed with the preliminary hearing. The trial court scheduled the preliminary hearing for September 14, 1993. Zaslow again objected to any continuance and renewed his motion to sever. The Commonwealth continued to resist this request for severance, and, consequently, the lower court denied Zaslow's motion. Prior to the scheduled preliminary hearing date, however, Daly asked the court for another continuance due to his ongoing mental difficulties. On September 14, 1993, the court halted proceedings and ordered the

court psychiatrist, Richard B. Saul, M.D., to examine Daly to determine if he could proceed with the hearing. When the hearing reconvened later that day, Dr. Saul testified that Daly was incompetent to assist in his own defense. Further, Dr. Saul stated that, in his opinion, there was no malingering and that Daly needed approximately 90 to 180 days of in-patient treatment before he could participate in the preliminary hearing. Following this testimony, Zaslow again petitioned for severance. The Commonwealth renewed its opposition to the motion, and the court denied the motion. The court then scheduled a status conference for November 1, 1993, to monitor Daly's treatment and progress, and ruled that the period between September 14, 1993, and November 1, 1993, was excludable from the Rule 1100 calculations.

On November 1, 1993, Dr. Saul re-examined Daly and concluded that he was still unable to participate in his own defense. Dr. Saul suggested that Daly was not receiving the proper care at his current facility and suggested a transfer to another facility. Daly requested that the proceedings be continued to allow him to get this care. Zaslow renewed his motion for severance and objected to the continuance, but the Commonwealth requested an additional opportunity to determine if Daly was competent. Consequently, the court continued the action and held that this time was excludable for Rule 1100 purposes. On December 15, 1993, the court held another status meeting at which it determined that Daly remained unable to assist in his own defense. Zaslow renewed his motion to sever, which the court denied. Instead, the court continued the case for another status conference, and ruled the time from December 15, 1993, to February 22, 1994, excludable from the Rule 1100 calculation.

On February 22, 1994, the court once again convened to evaluate Daly's progress and recovery. Daly became extremely agitated at this hearing. As a result, the Commonwealth asked for a continuance to allow its expert, Robert L. Sadoff, M.D., the opportunity to examine Daly. Zaslow strongly objected to this delay and requested severance for the sixth and final time, but the Commonwealth opposed this

motion. The court denied the request for severance and the matter was re-scheduled for April 6, 1994.

At the April 6, 1994 hearing, the court received several medical reports concerning Daly's mental state and competency. To allow time for review of these reports, the court re-scheduled the hearing for April 27, 1994. On April 27, 1994, the court found that Daly was competent to proceed to trial. Thus, the court scheduled the preliminary hearing for the next available date of July 11, 1994. After a four-day preliminary hearing, at which 19 witnesses testified, Zaslow was held over for trial on 31 of the 36 counts with which he had been charged. The case was scheduled for a pre-trial conference on September 9, 1994, but was continued by the court until September 29, 1994. On September 29, 1994, Zaslow filed a motion for dismissal pursuant to Rule 1100. On November 18, 1994, following an evidentiary hearing, this motion was granted. This appeal followed.

■ Presently, the Commonwealth asserts that the trial court erred in granting Zaslow's motion to dismiss pursuant to Rule 1100. In advancing this contention, the Commonwealth claims that the propriety of its actions following the filing of charges against Zaslow necessitates a reversal of the order. We agree.

While it is clear that trial did not commence within 365 days following March 10, 1993, the date on which the complaint was filed against Zaslow, we believe that the Commonwealth has met its burden of establishing that it acted with due diligence and that the circumstances occasioning the procedural delay were beyond its control. Accordingly, we find that the trial court abused its discretion in granting Zaslow's motion for dismissal pursuant to Rule 1100.

The statutory provision at issue in this case provides, in relevant part, as follows:

**Rule 1100.  Prompt Trial**

\*      \*      \*      \*      \*      \*

(a)(3) Trial in a court case in which a written complaint is filed against the defendant where the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

\*     \*     \*     \*     \*     \*

(g) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

*If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. . . .* If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant. Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A. (emphasis added).

The standard of review in the case *sub judice* is whether the lower court abused its discretion in determining that the Commonwealth did not act with *reasonableness* with respect to the issue of due diligence. *Commonwealth v. Johnson*, 405 Pa.Super. 363, 373, 592 A.2d 706, 711 (1991). In making such an assessment, we are limited to considering only that evidence on the record of the Rule 1100 hearing and the findings of the lower court. *Commonwealth v. Edwards*, 528 Pa. 103, 105, 595 A.2d 52, 53 (1991). Also, when reviewing the determination of the hearing court, we must view the facts in the light most favorable to the prevailing party. *Id.*

"Due diligence is a concept defined on a case by case basis." *Commonwealth v. DeMarco*, 332 Pa.Super. 315, 481 A.2d 632 (1984). Presently, in determining whether the Commonwealth exercised due diligence, it is necessary to evaluate the proceedings as they relate to the severance of Zaslow's

case from that of Daly's. Since the trial court's disposition of the six severance motions was based upon frequent evaluations of Daly's mental status, we believe that the issue of severance is inextricably intertwined with the issue of Daly's competency. Accordingly, we address the severance issue in light of the trial court's handling of Daly's competency to stand trial.

■ Although the decision whether to grant a motion for severance must be balanced with the need to minimize the prejudice that may be caused by consolidation, there is a clear preference in this Commonwealth to consolidate the trials of those engaged jointly in criminal activity. *Commonwealth v. Stocker*, 424 Pa.Super. 189, 204, 622 A.2d 333, 341 (1993). In *Commonwealth v. Patterson*, our Supreme Court noted that:

> [t]he general policy of the law is to encourage joinder of offenses and consolidation of indictments when judicial economy can thereby be effected, especially when the result will be to avoid the expensive and time-consuming duplication of evidence.

519 Pa. 190, 195–199, 546 A.2d 596, 599–600 (1988) (citations omitted). *Accord Commonwealth v. Lambert,* 529 Pa. 320, 603 A.2d 568 (1992); *Commonwealth v. Chester,* 526 Pa. 578, 587 A.2d 1367 (1991). Most recently, in *Commonwealth v. Lee,* our Supreme Court stated that:

> [it] has ... been held that a joint trial is not only permissible, but advisable, where multiple defendants are charged with participation in the same criminal acts and much of the same evidence is necessary to prove the Commonwealth's case against each defendant. *Commonwealth v. Jackson,* 451 Pa. 462, 464, 303 A.2d 924, 925 (1973); *Commonwealth v. Kloiber,* 378 Pa. 412, 415, 106 A.2d 820, 823, *cert. denied,* 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954).

541 Pa. 260, 662 A.2d 645, 650 (Pa.1995). We recently echoed similar sentiments in *Commonwealth v. Presbury,* 445 Pa.Super. 362, 665 A.2d 825 (1995).

Illustrative of the application of this principle is *Commonwealth v. Zdrale,* 397 Pa.Super. 167, 579 A.2d 1309 (1990),

*rev'd. on other grounds,* 530 Pa. 313, 608 A.2d 1037 (1992), where we found no abuse of discretion in denying severance where charges arose from the same conspiracy, much of the evidence was common to both defendants, and separate trials would have required duplication of the testimony of 17 witnesses presented over seven days. Moreover, in *Commonwealth v. Long,* 367 Pa.Super. 190, 532 A.2d 853 (1987), *alloc. denied,* 518 Pa. 617, 541 A.2d 744 (1988), we specifically addressed the issue of severance in the context of the Commonwealth's exercise of due diligence under Rule 1100. The defendant in that case argued that "the Commonwealth, by opposing his motion to sever his case from his co-defendant's, failed to demonstrate due diligence." *Id.* We disagreed and, in holding that the defendant's motion to dismiss was properly denied by the trial court, stated that "[s]eparate trials would have required the duplication of testimony and evidence and would have caused the court to have 'incurred the burdensome cost of two lengthy trials.'" *Id.*

That Zaslow was named in only one of the three presentments that named Daly did not entitle him to a severance given his pervasive conspiracy with Daly in the crimes alleged in the one presentment. The number of witnesses common to Daly and Zaslow was large and the Commonwealth's concerns centered not only on the resulting strain on judicial resources but also on its ability to present its case since it believed that the witnesses would not have fared well in having to testify on more than one occasion.

In denying the motions for severance, the trial court periodically assessed Daly's status. On each occasion, the severance motions were denied because adequate justifications as to Daly's progress and expected recovery were provided. As a result of Daly's expected recovery, the Commonwealth remained prepared to proceed with its numerous witnesses on each date on which the court met to evaluate Daly's competency.

In consideration of the foregoing, we do not believe that the trial court abused its discretion in denying Zaslow's numerous requests for severance during the pendency of Daly's psychi-

atric evaluation. Therefore, we find that the entire period during which such evaluation was pending should be excluded from the Rule 1100 calculation.[1]

We turn, therefore, to a determination of the period during which Daly's competency to stand trial was being considered. We find that this period, aggregating 224 days, begins on September 14, 1993, when the court halted proceedings and ordered a psychiatric examination of Daly, and ends on April 27, 1994, when the court made a final determination that Daly was competent to stand trial.[2] With these 224 days properly excluded, the amended Rule 1100 run-date was October 19, 1994. Since Zaslow filed his motion seeking dismissal on September 29, 1994, and all proceedings since that time have related to this motion, we believe that remand to the trial court to commence trial on a date certain is appropriate.

■ Finally, we address the applicability of our Supreme Court's decision in *Commonwealth v. Browne*, 526 Pa. 83, 584 A.2d 902 (1990). We are fully cognizant of the caution which must be exercised in accepting excuses for the Commonwealth's failure to bring a criminal case to trial within the period prescribed by Rule 1100. *Id.* Our Supreme Court was justified in cautioning upon the acceptance of excuses resulting in an emasculation of Rule 1100. We do not accept the contention, however, that this case is one where the exercise of such caution results in a decision in favor of the defendant. In finding so, we note that:

1. Citing the detrimental effect on Zaslow's medical practice, the dissent relies heavily upon its finding of substantial injustice resulting from a failure to sever the action against Zaslow. We do not believe that the additional procedural delay of 224 days (approximately 7 months) gives rise to this degree of injustice.

2. The dissent fails to justify its decision to include only that period ending 63 days earlier, on February 22, 1994, in excludable time. Although the additional delay was the result of the Commonwealth's request for time to have its own expert review Daly's competence, we do not believe that this provides a sufficient basis for the dissent's finding since the Commonwealth was entitled to participate in the process of evaluating Daly.

The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

\* \* \* \* \* \*

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. [C]ourts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Corbin,* 390 Pa.Super. 243, 248–251, 568 A.2d 635, 638–639 (1990) (quoting *Commonwealth v. Genovese,* 493 Pa. 65, 69–70, 72, 425 A.2d 367, 369–370, 371 (1981)). Also, our Supreme Court has stated that:

The public . . . has an important "interest in having the guilt or innocence of the accused determined. Indeed, the criminal justice system owes society the duty not to abort trials, but rather to conduct proceedings expeditiously."

*Commonwealth v. Dunbar,* 503 Pa. 590, 597, 470 A.2d 74, 78 (1983) (citations omitted). Additionally, it is important to note that cases relying upon *Browne*'s cautionary language have dealt with the Commonwealth's failure to comply with reasonable procedures in the administration of cases. *See, e.g., Commonwealth v. Taylor,* 409 Pa.Super. 589, 592–595, 598 A.2d 1000, 1002–1003 (1991) (due diligence was not demonstrated where the Commonwealth attempted to justify its failure to secure a police report but had only requested the report two or three times); *Johnson, supra* (Commonwealth did not exercise due diligence where it failed to subpoena the proper complainant police officer and also neglected to locate the trial file for the case).

In view of this precedent and the substantial pertinent caselaw relating to the consolidation of trials in the case of joint criminal activity, we do not believe that our Supreme Court's admonition in *Browne* was meant to refer to cases

similar to the one here, dealing with complex issues of joint criminal activity posing not only substantial judicial economy concerns but also concerns regarding the ability of the Commonwealth to zealously present its case. A contrary reading of *Browne* would result in a "[s]trained and illogical judicial construction [which] adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system." *Corbin,* Pa.Super. at 248–251, 568 A.2d at 638–639. Accordingly, we hold that the trial court abused its discretion in not recognizing that the Commonwealth's efforts to bring Zaslow to trial within the Rule 1100 time period were reasonable.

Order reversed. Case remanded for trial. Jurisdiction relinquished.

JOHNSON, J., dissents.

JOHNSON, Judge, dissenting:

Because I find that the Commonwealth failed to act with due diligence in prosecuting this case, I would affirm the trial court order that dismissed the charges pursuant to Rule 1100. Thus, I must respectfully dissent.

The Majority correctly states that this Court's standard of review is limited to considering only that evidence on the record of the Rule 1100 hearing and the findings of the trial court. Majority slip op. at 295, *citing Commonwealth v. Edwards,* 528 Pa. 103, 105, 595 A.2d 52, 53 (1991). Most importantly, when this Court reviews such a decision, we "must view the facts in the light most favorable to the prevailing party," and the trial court's ruling will not be disturbed absent an abuse of discretion. *Edwards, supra,* at 105, 595 A.2d at 53.

In order to consider the merits of Zaslow's contentions, we must analyze the pertinent provisions of Rule 1100, which provides that, where the defendant is at liberty on bail, trial shall commence within no later than 365 days from the date on which the complaint is filed. Pa.R.Crim.P. 1100(a)(3). Further, this rule provides for the exclusion of certain periods of time from its calculations; namely:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 1100;

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or the defendant's attorney:

(ii) any continuance granted at the request of the defendant or the defendant's attorney.

Pa.R.Crim.P. 1100(c). Lastly, the rule provides that a defendant may petition the court for dismissal of the charges against him if the Commonwealth has failed to prosecute within the allotted time period. Pa.R.Crim.P. 1100(g). The trial court will then conduct a hearing to determine whether the Commonwealth prosecuted the case with due diligence and whether the circumstances occasioning the postponement were beyond the Commonwealth's control. *Id.* Thereafter, the court will determine if dismissal of the charges is proper. *Id.*

The complaint against Zaslow was filed on March 10, 1993. Thereafter, Zaslow was arrested and released on bail. Thus, according to Rule 1100, Zaslow's run-date was March 11, 1994. Pa.R.Crim.P. 1100(a)(3). The Majority excludes the entire period that was used to determine the competency of his co-defendant, Arthur Terrence Daly, from its calculations, and, thus, arrives at an amended run-date of October 19, 1994. In making this determination, the Majority simply claims that "the Commonwealth was entitled to participate in the process of evaluating Daly." Majority at 298 n. 2. The Commonwealth asserts, and I concur, that this time is properly excludable as to the determination of *Daly's* Rule 1100 run-date. N.T., dated October 27, 1994, at 149–50. However, the Majority cites no authority, nor has my research disclosed any, in support of its assertion that the Commonwealth may exclude

this time from the determination of *Zaslow's* run-date. In fact, the Commonwealth conceded at the Rule 1100 hearing that the period of time relating to Daly's competency was not excludable as to Zaslow, but stated that it considered this time "extendible" to Zaslow. *Id.* at 150. I am unable to agree with this novel concept of "extendible" time, as it is unsupported in either the language of the Rule or the caselaw of this Commonwealth.

In calculating Zaslow's Rule 1100 run-date, the trial court excluded the period between September 14, 1993 until February 22, 1994 from its calculations, a period of 161 days. Even assuming that this exclusion is correct, the amended run-date for bringing Zaslow to trial according to the trial court's calculations was August 17, 1994. The pre-trial conference was not scheduled until September 29, 1994, and the docket does not reflect that a trial date was ever set. Further, the record does not reflect that Zaslow expressly waived the applicability of Rule 1100, nor is the procedural delay attributable to him or to his counsel. In fact, Zaslow was prepared to proceed at all hearings and strenuously objected to all of the Commonwealth's requested continuances. Thus, I conclude that Zaslow was not brought to trial within 365 days, in violation of Rule 1100. The Commonwealth contends that because it acted with due diligence in prosecuting Zaslow, and the delay is fully attributable to questions about Daly's competency, a dismissal is not warranted. I disagree.

The purpose of Rule 1100 is to ensure that a criminal defendant will be brought to trial within a certain time period or be discharged. *Commonwealth v. Johnson,* 405 Pa.Super. 363, 375, 592 A.2d 706, 711 (1991). Further, the Commonwealth is required to take affirmative action to ensure that a defendant is brought to trial within the required time period. *Commonwealth v. Hawk,* 528 Pa. 329, 597 A.2d 1141 (1991); *Commonwealth v. Hagans,* 482 Pa. 572, 394 A.2d 470 (1978). In reviewing the dismissal of an action pursuant to Rule 1100, our supreme court has stated:

"When a case has possible Rule 1100 problems, prosecutors must do everything reasonable within their power to

see that the case is tried on time." *Commonwealth v. Smith,* 477 Pa. 424, 428, 383 A.2d 1280, 1282 (1978). [*See also* ] *Commonwealth v. Polsky,* 493 Pa. 402, 426 A.2d 610 (1981). The test to be met is whether the Commonwealth's efforts to bring the defendant to trial were reasonable and pursued with diligence.

*Commonwealth v. Browne,* 526 Pa. 83, 89, 584 A.2d 902, 905 (1990). In addition, the Commonwealth has the burden of establishing to the reviewing court that the accused was brought to trial with due diligence. *Commonwealth v. Africa,* 524 Pa. 118, 569 A.2d 920 (1990); *Hawk, supra.*

In order to determine if the Commonwealth acted with due diligence in the present case, we must ascertain if the trial court should have granted Zaslow's motions to sever his trial from that of his co-defendants. In considering this issue, I agree with the Majority that the consolidation of cases is preferred in this Commonwealth. Majority op. at 295–296. However, it cannot be disputed that "a defendant's case should be severed if not doing so would result in substantial injustice." *Commonwealth v. Stocker,* 424 Pa.Super. 189, 204, 622 A.2d 333, 341 (1993). Further, "the court must balance the need to minimize the prejudice that may be caused by consolidation, against the general policy of encouraging judicial economy." *Commonwealth v. Presbury,* 445 Pa.Super. 362, 366, 665 A.2d 825, 828 (1995).

In the present case, the record reveals that Zaslow requested severance of his trial from that of his co-defendants on *seven* separate occasions. *See,* N.T., *supra,* at 76–80, 92, 102, 113, 118–20, 123, 126–7. In fact, Zaslow renewed his severance motion at every possible opportunity. In response, the Commonwealth vigorously opposed such motions, claiming that consolidation was required because of principles of judicial economy. The Commonwealth repeatedly expressed concern that its witnesses would refuse to testify at more than one hearing. However, the Commonwealth did not provide any evidence to substantiate this claim. The Commonwealth does not offer evidence that it experienced difficulty in locating these witnesses, nor that the witnesses refused to cooper-

ate with Zaslow's prosecution. Instead, the Commonwealth simply made a bald assertion that its witnesses were unlikely to appear for more than one hearing. *See, id.,* at 85, 103–4, 110, 112–14, 118–19, 123–24, 126–27. In fact, most of the proposed witnesses had already testified before the grand jury. *Id.* at 85. In addition, all of the Commonwealth's witnesses that testified against Zaslow live in the Philadelphia area. *Id.* at 147. Thus, I am not persuaded by this argument.

Further, the Commonwealth contends that the hearings were too complex to sever. Prior to the preliminary hearing, the Commonwealth insisted that it would require at least two weeks of court time and include the testimony of 70 to 80 witnesses. However, at the preliminary hearing, all of Zaslow's co-defendants, including Daly, waived their right to a preliminary hearing. Thus, the Commonwealth was only required to establish a prima facie case against Zaslow. In doing so, the Commonwealth called only 19 witnesses over a span of 4 days. Accordingly, the Commonwealth's claim of complexity is belied by the record. Based on this disparity, I conclude that the Commonwealth exaggerated the complexity of this case. Thus, I cannot sanction a finding that the Commonwealth acted with due diligence.

In evaluating the Commonwealth's diligence in this matter, we must also acknowledge that Zaslow informed the court that he was experiencing severe difficulties due to the delay in these proceedings. Specifically, Zaslow claimed that his medical practice suffered a drastic loss of patients, that he was forced to sell the building that housed his practice and was unable to earn a living as a medical expert, and was faced with potentially significant civil liabilities. Accordingly, in balancing the competing interests of judicial economy and the prejudice suffered by the defendant as required by *Presbury, supra,* I would agree with the trial court that, in the present case, the prejudice suffered by Zaslow outweighs the Commonwealth's claims of inconvenience.

Moreover, the Commonwealth failed to have Daly, Zaslow's co-defendant, examined by its own expert until January 1994, ten months after criminal charges were filed against Zaslow

and Daly. I find this delay inexcusable as it was apparent early in the proceedings that Daly's competency to stand trial would be a hotly contested issue. The Commonwealth does not offer an explanation for this long delay.

Finally, I am compelled to express my general concern that the Majority does not adequately consider *Commonwealth v. Browne, supra,* in reaching its conclusion in this case. This Court should not blindly accept the Commonwealth's failure to promptly bring a defendant to trial. Our supreme court has "become concerned that the Superior Court is more and more inclined to accept any and every excuse for failure to bring a criminal case to trial within the period prescribed by Rule 1100 . . . ." *Browne, supra,* at 89, 584 A.2d at 905. I take this admonition to heart. Accordingly, after a review of this record, I would conclude that severance was not only possible in this case, but it was the only method available to the Commonwealth to ensure that Zaslow would be brought to trial within the aforesaid time. This opposition to severance, in my view, is evidence of the Commonwealth's lack of due diligence.

The trial court found that, under the totality of the circumstances, the Commonwealth failed to act with due diligence in bringing Zaslow to trial within the specified time period. Because this Court is required to view the facts in the light most favorable to Zaslow as the prevailing party, I would agree with this determination. Thus, I would find that the trial court did not abuse its discretion, and I would affirm the order granting Zaslow's petition to dismiss pursuant to Rule 1100. Hence, this dissent.