J-S07014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                 :                PENNSYLVANIA
                                                 :
          v.                                   :
                                                 :
QUAYSHAWN MONTEZ SLOAN        :
                                                 :
           Appellant                       :       No. 768 WDA 2020

Appeal from the Judgment of Sentence Entered June 1, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010094-2019

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                   :                PENNSYLVANIA
                                                 :
          v.                                   :
                                                 :
QUAYSHAWN MONTEZ SLOAN        :
                                                 :
          Appellant                       :       No. 769 WDA 2020

Appeal from the Judgment of Sentence Entered June 1, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010093-2019

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY SHOGAN, J.:                      **FILED: MAY 26, 2021**

Appellant, Quayshawn Montez Sloan, appeals from the judgment of sentence entered June 1, 2020, in the Allegheny County Court of Common Pleas.  Following careful review, we affirm.

We provide the following brief factual recitation.  Appellant sexually assaulted two female children, N.N. and A.J., when the children were between

the ages of five and seven. Appellant abused N.N. from approximately May of 2012 through March of 2015. N.T., 3/6/20, at 387. Appellant abused A.J. from approximately January of 2013 through July of 2015. *Id*. N.N. considered Appellant to be her father, although he is not. N.T. 3/5/20, at 106, 119, 122. N.N.'s mother learned of the abuse when she read an entry in N.N.'s diary stating that [N.N] and her stepsister[, A.J.,] were raped by Appellant when they were five. *Id*. at 112. During trial, N.N. testified to numerous episodes of sexual abuse, including a game Appellant created that both N.N. and A.J. participated in, where Appellant blindfolded the girls and had them guess what he was putting in their mouths. *Id*. at 135. A.J. went first; N.N. described the object that went in her mouth as "soft and rubbery." *Id*. N.N. gave a videotaped forensic interview, which was admitted into evidence at trial. *Id*. at 214.[1]

Appellant dated A.J.'s mother for approximately two years, and lived with the family briefly during that time. N.T., 3/5/20, at 158-159. At trial, A.J. testified to multiple incidents of sexual abuse, including an incident where Appellant told A.J. to tell N.N. to get undressed. *Id*. at 192. A.J. complied, and although she was unable to remember what Appellant did to N.N., she

_____

[1] Although both the Commonwealth and Appellant refer to the video in their respective briefs, neither a copy of the taped interview nor a transcript of the interview is in the certified record. We further note that although the jury was provided with a transcript of the interview, the trial court explained that the transcript was an aid to the video, it was not entered into evidence and could not be used as evidence, and it was collected after the jury viewed the video. N.T., 3/5/20, at 215.

remembered that N.N. cried. *Id*. A.J. also gave a forensic interview, but that interview was not used at trial.

The trial court set forth the following brief procedural history:

> On March 4, 2020, a jury found [Appellant] guilty of multiple counts at two criminal petitions. Specifically, at CP-02-CR-10093-2019 (hereinafter "10093-2019"), the jury found Appellant guilty of one count of Involuntary Deviate Sexual Intercourse ("IDSI") with a Child, Unlawful Contact with a Minor, Sexual Assault, Indecent Assault of a Child less than 13, Corruption of Minors and Indecent Exposure.[1] At CP-02-CR-10094-2019 ("10094-2019"), the jury found Appellant guilty of Attempted Rape of a Child, IDSI with a Child, Unlawful Contact with a Minor, Sexual Assault, two counts of Indecent Assault of a Child less than 13 (Course of Conduct), Corruption of Minors, and Indecent Exposure.[2] This [c]ourt sentenced Appellant on June 1, 2020 to an aggregate sentence of 48.33 years to [91.66] years [of] incarceration. Appellant filed a Post-Sentence Motion which this [c]ourt denied on July 1, 2020.
>
> ---
>
> [1] 18 Pa.C.S. §§ 3123(b), 6318(a)(1), 3124.1, 3126(a)(7), 6301(a)(1)(ii), and 3127(a), respectively.
>
> [2] 18 Pa.C.S. §§ 901(a), 3123(b), 6318(a)(1), 3124.1, 3126(a)(7), 6301(a)(1)(ii) and 3127(a), respectively.

Trial Court Opinion, 9/22/20, at 2.[2]

---

[2] There is a discrepancy between the sentence imposed by the trial court at the sentencing hearing and the sentence memorialized in the written order. The law is well settled that where there is a discrepancy between a defendant's sentence as written and that orally pronounced by the trial court, the written order controls. *Commonwealth v. Gordon*, 897 A.2d 504, 507 n.7 (Pa. Super. 2006). Herein, the trial court sentenced Appellant to an aggregate sentence of 48.33 to 96.66 years of incarceration at the sentencing hearing. N.T. (Sentencing), 6/1/20, at 25-26. Specifically, the court sentenced Appellant to eighty to 160 months of incarceration for the conviction of
*(Footnote Continued Next Page)*

On July 27, 2020, Appellant filed notices of appeal at dockets 10093-2019 and 10094-2019.[3]  Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review:

1. Whether the [c]ourt erred in consolidating [Appellant's] two separate information[s] in violation of Pennsylvania Rule of Criminal Procedure 582(A)(1) where the Commonwealth of Pennsylvania failed to file a notice of consolidation and/or evidence would not have been admissible in a separate trial and the offenses charged [were] no[t] based on the same act or transaction?

2. Whether the [c]ourt erred in admitting … [N.N.'s] forensic interview as a prior inconsistent statement pursuant to Pa. Rule of Evidence 803.1, where the statement was not inconsistent with the trial testimony and [Appellant] was not given an opportunity to cross-examine the declarant on the prior statement?

Appellant's Brief at unnumbered 12.

Initially, we note that the original certified record did not contain any transcripts of the proceedings in the trial court.  Following a review of the record, this Court has determined that Appellant filed a request for the transcripts to be produced, certified, and filed at the same time he filed his

---

attempted rape of a child at the hearing at docket 10093-2019.  In the written order, the trial court sentenced Appellant to eighty to 100 months of incarceration for the attempted rape-of-a-child conviction.  Amended Order, 6/1/20, at 1.  Thus, in the June 1, 2020 amended sentencing order, the court sentenced Appellant to an aggregate sentence of 48.33 to 91.66 years of incarceration, which is controlling.

[3] This Court *sua sponte* consolidated the appeals by order dated August 18, 2020.  Order, 8/18/20.

notices of appeal. On September 22, 2020, the Department of Records certified the record in 10093-2019. On September 23, 2020, the Department of Records certified the record in 10094-2019. According to both documents, the record consisted of a transcript, the trial court opinion, and the trial court record. Original Record Certification, 9/22/20; Original Record Certification, 9/23/20. A review of the certified record, however, makes clear that no transcript had been included in the certified record.

Appellant filed his brief in this matter on November 2, 2020. On December 16, 2020, Appellant filed a motion with this Court seeking to have the transcripts included in the records. Appellant's Motion Pursuant to Pa.R.A.P. Rule 1926 on Appeal from Allegheny County Court of Common Pleas Sentence Dated June 1, 2020 Trial Court Docket No. CP-02-CR-0010093-2019 and CP-02-CR-0010094-2019, 12/16/20.

On December 21, 2020, we denied the motion, *per curiam*, without prejudice to Appellant's right to seek supplementation or correction of the record with the trial court. From our review of the record, it is unclear what further action Appellant may have taken to assure that the certified record contained the relevant transcripts, but they were not included in the certified record we originally received.

"Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its

- 5 -

duty." ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006). In the absence of a complete certified record, there is no support for Appellant's arguments and therefore, no basis upon which this Court could grant relief. ***Id***. "[A]ny claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." ***Id***. (citing ***Commonwealth v. Williams***, 715 A.2d 1101, 1105 (Pa. 1998)).

In the absence of any indication that the relevant transcripts exist, it is not incumbent upon this Court to expend time and effort to locate missing documents. ***Preston***, 904 A.2d at 8. Where, however, the notes of testimony are cited by a party, this Court has reason to believe the transcripts exist, and we may inquire into whether the transcript may be located and included in the certified record. ***Id***. In the instant case, both Appellant and the Commonwealth cite to the notes of testimony from Appellant's trial in their respective briefs before this Court. It remains unclear why the transcripts at issue were not entered into the record, despite Appellant's request. This Court, however, contacted the Prothonotary, which located the transcripts of Appellant's March 2, 2020 pretrial motions, Appellant's trial, which took place from March 3, 2020, through March 6, 2020, and Appellant's June 1, 2020 sentencing proceeding. The transcripts have now been entered into the certified record, and we will consider them in this appeal.

In his first issue, Appellant argues that the trial court erred when it denied the motion to sever the cases because the Commonwealth failed to move to consolidate them or provide notice of consolidation. He also posits the trial court erred because evidence of each offense would not be admissible in a separate trial. Appellant's Brief at unnumbered 21-22.

Appellant has waived the argument relating to lack of notice or Commonwealth error because he failed to raise it before the trial court. Indeed, as the trial court noted during the hearing, Appellant's motion was scant, failed to discuss the facts of Appellant's case, and merely cited law standing for the proposition that joinder is improper where the matters are not based on the same act or transaction. N.T. (Pretrial Motion), 3/2/2020, at 60; Motion to Sever, 2/28/20, at unnumbered 2. Appellant did not raise either issue before the trial court during the hearing on the motion. It is well established that "[t]his Court cannot review a case upon a theory different from that relied upon in the trial court, or raised for the first time on appeal." **Commonwealth v. Gordon**, 528 A.2d 631, 638 (Pa. Super. 1987). Further, "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief." **Id**. **See also Commonwealth v. Ryan**, 909 A.2d 839, 844-845 (Pa. Super. 2006) (finding waiver where the defendant argued different theory for why waiver of preliminary hearing was improper). Thus, we find this issue waived on this basis.

Appellant next argues that the trial court erred when it denied his motion to sever because evidence of the separate crimes would not be admissible in separate trials. Appellant's Brief at unnumbered 23. He avers that the court specifically erred when it found the evidence could be admitted to demonstrate a common scheme, plan, or design. *Id*.

"The determination of whether separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant." *Commonwealth v. Boyle*, 733 A.2d 633, 635 (Pa. Super. 1999). Indeed,

> The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

Pa.R.Crim.P. 583. Under Rule 583, the prejudice the defendant suffers due to the joinder must be greater than the general prejudice any defendant suffers when the Commonwealth's evidence links him to a crime. *Commonwealth v. Lauro*, 819 A.2d 100, 107 (Pa. Super. 2003).

> [T]he "prejudice" of which Rule [583] speaks is not simply prejudice in the sense that appellant will be linked to the crimes for which he is being prosecuted, for that sort of prejudice is ostensibly the purpose of **all** Commonwealth evidence. The prejudice of which Rule [583] speaks is, rather, that which would occur if the evidence tended to convict [the] appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence.

*Id*. (emphasis in original) (quoting *Commonwealth v. Collins*, 550 Pa. 46, 703 A.2d 418, 423 (1997)). Moreover, "the admission

of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and it is not grounds for severance by itself." *Id.* (quoting *Collins,* 703 A.2d at 423).

Reading these rules together, our Supreme Court established the following test for severance matters:

> Where the defendant moves to sever offenses not based on the same act or transaction that have been consolidated in a single indictment or information, or opposes joinder of separate indictments or informations, the court must therefore determine: [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

> *Collins,* 703 A.2d at 422 (quoting *Commonwealth v. Lark,* 518 Pa. 290, 543 A.2d 491, 496–97 (1988)).

*Commonwealth v. Ferguson*, 107 A.3d 206, 210-211 (Pa. Super. 2015).

We also note that Appellant bears the burden of establishing prejudice. *Id*. at 210. "The general policy of the law is to encourage joinder of offenses and consolidation of indictments when judicial economy can thereby be effected, especially when the result will be to avoid the expensive and time consuming duplication of evidence." *Commonwealth v. Patterson*, 546 A.2d 596, 600 (Pa. 1988). Pursuant to Pa.R.Crim.P. 582:

(1) Offenses charged in separate indictments or informations may be tried together if:

    (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b)   the offenses charged are based on the same act or transaction.

Pa.R.Crim.Pro. 582 (1)(a) and (b).

In support of this argument, Appellant posits that under Pa.R.E. 404(b)(2), evidence of prior bad acts is admissible only if the probative value outweighs it potential for prejudice.   Appellant's Brief at unnumbered 24. Pa.R.E. 404 states, in relevant part:

**(b) Crimes, Wrongs or Other Acts.**

(1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).  Appellant further argues that the similarities must be more than the "repeated commission of crimes of the same class, such as burglaries or thefts.  The device used must be so unusual or distinctive to be like a signature."   Appellant's Brief at unnumbered 25 (quoting **Commonwealth v. Rush**, 646 A.2d 557, 560-561 (Pa. 1994)).

In its opinion, the trial court found evidence regarding the two cases could be admitted in a trial for the other as part of a common scheme, plan, or design.  Trial Court Opinion, 9/22/20, at 4.  Specifically, the court looked to the fact that Appellant assumed a fatherly role to both victims, who were

similar ages at the time of the assaults. *Id*. Moreover, once he was left alone with the victims in their home, he molested both victims and had both victims perform oral sex on him. *Id*. Because the evidence would be admissible to show a common plan or pattern, the trial court found that joinder was proper. *Id*.

Our review of the record supports the trial court's determination. Indeed, in this case, the victims were between five and seven years of age when Appellant molested them. N.T. (Trial), 3/5/20, at 123-125, 161-163. Appellant dated the victims' mothers and played a fatherly role with both victims. Further, Appellant engaged primarily in oral sex with the victims, and both victims were shown pornographic films. *Id*. at 135, 138, 183. In order to establish a common design, the Supreme Court of Pennsylvania has held that "[c]onsolidation of indictments requires only that there are shared similarities in the details of each crime." *Commonwealth v. Newman*, 598 A.2d 275, 278 (Pa. 1991). Thus, the record supports the trial court's determination that the two cases shared details of a common design. *See Commonwealth v. Aikens*, 990 A.2d 1181, 1185-1186 (Pa. Super. 2010) (allowing evidence of earlier rape of older daughter in trial for rape of younger daughter, where victims were of like ages at time of assault, both were the defendant's daughters, the assaults occurred during overnight visits in his apartment, and the defendant began by showing the victims pornographic movies); *Commonwealth v. O'Brien*, 836 A.2d 966, 970-971 (Pa. Super.

- 11 -

2003) (finding a common scheme and allowing evidence of prior assaults where, each assault was on a white boy between the ages of eight and eleven; the boys met the defendant because he was friends with their parents; each crime was committed in the defendant's home, and defendant showed pornography to his victims.)

Moreover, Appellant fails to make any proffer that he was prejudiced by the trial court's denial of his motion.[4]  As discussed above, Appellant bears the burden of showing he was prejudiced by the trial court's decision. **Commonwealth v. Ferguson**, 107 A.3d at 210.  Appellant has failed to make any such showing.  We will not act as counsel for Appellant and develop arguments on his behalf. **Irwin Union Nat. Bank and Trust Co. v. Famous**, 4 A.3d 1099, 1103 (Pa. Super. 2010).  Appellant has failed to meet his burden and is due no relief.

In his second issue, Appellant argues that the trial court erred in admitting a forensic interview of N.N.[5]  Appellant's Brief at unnumbered 27. The admissibility of evidence is within the sound discretion of the trial court,

_____

[4]  Appellant posits that the trial court was required to make a finding that the probative value of the evidence outweighed its prejudicial value and argues that the trial court erred in failing to make that finding.  Appellant's Brief at unnumbered 23.  However, at no point does Appellant discuss the prejudice he suffered.

[5]  Although Appellant included this issue in his Rule 1925(b) statement, the trial court mistakenly found the issue waived for failure to include it in the Rule 1925(b) statement.  The trial court did not address the issue in its Rule 1925(a) opinion.

- 12 -

and we will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of discretion. ***Commonwealth v. Flor***, 998 A.2d 606, 623 (Pa. 2010). In this case, the trial court determined that the videotape of N.N.'s forensic interview was admissible under Pa.R.E. 803.1. N.T., 3/2/20, at 154. That Rule states, in relevant part:

> The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:
>
> * * *
>
> **(1) Prior Inconsistent Statement of Declarant-Witness.** A prior statement by a declarant-witness that is inconsistent with the declarant-witness's testimony and:
>
>> (A)   was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;
>>
>> (B)   is a writing signed and adopted by the declarant; or
>>
>> (C)   is a verbatim contemporaneous electronic recording of an oral statement.

Pa.R.E. 803.1(1)(A)-(C) (comment omitted). It is well established that the declarant must be available for cross-examination regarding the prior inconsistent statement. Pa.R.E. 803.1 (comment) ("A witness must be subject to cross-examination regarding the prior statement") (citation omitted).

As noted *supra*, the certified record does not contain a copy of the videotaped forensic interview nor does it include a transcript of it. Thus, to the extent that Appellant argues the trial court erred when it found the forensic

video contained a prior inconsistent statement, that claim is waived. ***Commonwealth v. Gonzalez***, 109 A.3d 711, 725-726 (Pa. Super. 2015) (finding waiver where the appellant argued taped statement was not a prior consistent statement because neither the statement nor a transcript of the statement was included in the certified record.). ***See also Preston***, 904 A.2d at 7 ("[A]ny claim that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purposes of appellate review.").

Appellant's first argument regarding trial court error, however, does not require review of the transcript or videotape.[6] Specifically, Appellant argues that pursuant to Pa.R.E. 803.1, the trial court erred in admitting the forensic interview because Appellant was not given the opportunity to cross-examine N.N. Appellant posits, "Most importantly, [A]ppellant was denied the opportunity to cross examine the witness. Even more egregious is the [c]ourt telling defense counsel he can recall her if he chooses, thereby requiring [A]ppellant to present evidence to [defend] himself in stark violation of [A]ppellant's fifth amendment rights." Appellant's Brief at unnumbered 31.

_____

[6] In his brief, Appellant states that his argument that the trial court erred because Appellant was denied the opportunity to cross-examine N.N. "renders irrelevant the issue of whether the statement was an inconsistent statement or not and whether [N.N.] lacked present recollection." Appellant's Brief at unnumbered 32.

- 14 -

A review of the record in the instant case makes clear that although Appellant did not cross-examine N.N. about the forensic interview, he was aware he had the right to do so. The following discussion took place on the record between Appellant's counsel and counsel for the Commonwealth, following the trial court's decision to admit the videotape into evidence:

| The Court: | So Mr. Hudak because of the ruling I just made, do you want the entire [interview] played so you can cross-examine [N.N.] on all inconsistencies? |
|---|---|
| [Defense Counsel]: | Yes. |
| [The Commonwealth]: | Just so I'm clear that I don't release her prematurely, will Mr. Hudak be calling her, so I keep her available? |
| The Court: | Mr. Hudak, when the Commonwealth plays this forensic, would it be your intention to re-call [N.N.] afterward? |
| [Defense Counsel]: | Yes, Your Honor. |

N.T., 3/5/20, at 156-157. For reasons not clear to this Court, Appellant did not call N.N. back to the stand to question her after the videotape of the forensic interview was played for the jury. Nor did Appellant object to having to re-call N.N. at any point. Appellant's decision not to cross-examine N.N. does not mean that N.N. was not subject to cross-examination. Indeed, N.N. previously had testified under oath during the proceeding and was subject to cross-examination. Appellant has failed to show N.N. was not subject to cross-examination, and we discern no abuse of discretion on the part of the trial court when it admitted N.N.'s forensic interview into evidence.

Finally, Appellant argues, without discussion or citation to relevant case law, that the statement quoted below establishes that "it is clear that [N.N.] limited her testimony not because it was inconsistent nor that she could not recall, she simply did not want to talk about it to the jury."  Appellant's Brief at unnumbered 32.  Appellant relies entirely on the following exchange in support of his argument:

> [The Commonwealth]: And there were other things you talked about at your interview with that lady in the other room, by the hospital, that you don't want to talk about today?
>
> N.N.: Yes.

Appellant's Brief at unnumbered 32 (citing N.T., 3/4/20, at 131).  A review of the exchange between N.N. and the Commonwealth makes clear that N.N.'s memory of the events was better when she gave the forensic interview.  *Id*. at 131-132).

> [The Commonwealth]: Were things a little fresher in your memory whenever you talked about things that day?
>
> N.N.: A little bit.
>
> [The Commonwealth]: And were you truthful and honest when you talked about things that day?
>
> N.N.: Yes.
>
> [The Commonwealth]: And did the things you talked about come to your memory a little bit easier that day?
>
> N.N.: A little bit.

*Id*. at 131. Appellant's claim is belied by the record, and Appellant is due no relief on those grounds.

For all the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2021